IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased,<br><br>　　　　Plaintiff,<br><br>v.<br><br>PFIZER, INC., AMERISOURCEBERGEN, and AMERISOURCEBERGEN DRUG CORPORATION,<br><br>　　　　Defendants. | CASE NO.<br><br>JUDGE<br><br>**JOINT NOTICE OF REMOVAL**<br><br>Jury Demanded<br><br>*Pending Transfer to In re Bextra & Celebrex Marketing, Sales Practices & Prods. Liab. Litig. (MDL-1699)* |

TO:   The United States District Court for the
　　　Northern District of Ohio, Western Division:

Defendants Pfizer Inc. (hereinafter, "Pfizer," and incorrectly identified in Plaintiff's Complaint as "Pfizer, Inc.") and AmerisourceBergen Drug Corporation (hereinafter, "AmerisourceBergen," and also incorrectly identified in Plaintiff's Complaint as "AmerisourceBergen") (together referenced as the "Defendants ") hereby file this Joint Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and in support thereof respectfully would show:

1.　　This action involves personal injury allegations regarding the prescription medication Bextra®. On September 6, 2005, the Judicial Panel on Multidistrict Litigation ("JPML") issued an order, pursuant to 28 U.S.C. § 1407, establishing a multidistrict litigation ("MDL") proceeding in the Northern District of California (MDL-1699) (Breyer, J.) for such Bextra®-related actions. *See In re Bextra & Celebrex Mktg., Sales Pracs. & Prods. Liab. Litig.*,

391 F. Supp. 2d 1377 (J.P.M.L. 2005). The parties intend to inform the JPML that this case is a potential tag-along action transferable to MDL-1699 pursuant to the Rules of Procedure of the JPML. *See* Rules of Procedure of the Judicial Panel on Multidistrict Litig., 199 F.R.D. 425 (J.P.M.L. 2001). This case is expected to transfer to the MDL Court in due course. Plaintiff consents to this removal and wishes to proceed in federal court and have his case transferred to the MDL proceeding. *See* Exhibit A. The parties soon will be filing a Joint Motion to Stay all proceedings pending the transfer of this case to the MDL proceeding.

2. <u>Complaint.</u> Plaintiff filed an original Complaint in this action in the Court of Common Pleas in Lucas County, Ohio, entitled *Joseph Cook, as Executor of the Estate of Betty Cook, Deceased v. St. Vincent Mercy Medical Center, et al.*, Case No. CI0200502452. A copy of the Complaint (as well as all process, pleadings, and orders served upon the Defendants in this action) are attached hereto as Exhibits B through KK.

3. <u>Parties Remaining in the Lawsuit.</u> At the time Plaintiff filed his Complaint, there were several non-diverse defendants. Plaintiff since has voluntarily dismissed all claims against the non-diverse defendants. *See* Exhibit LL. Accordingly, as demonstrated below, there is now complete diversity between Plaintiff and the remaining Defendants, Pfizer and AmerisourceBergen. Moreover, the amount in controversy satisfies the jurisdictional minimum requirement. As a result, this Court has diversity jurisdiction and this action may be removed to this Court. *See* 28 U.S.C. §§ 1332, 1441.

I.     **THIS COURT HAS DIVERSITY JURISDICTION.**

4. <u>Citizenship of Parties.</u>   There is complete diversity of citizenship between Plaintiff and the remaining Defendants:

- 3 -

    a.    Plaintiff Joseph Cook is, and was at the time Plaintiff filed this action, a resident and citizen of the State of Ohio. Likewise, Plaintiff's decedent, Betty Cook, was at all relevant times a citizen of the State of Ohio. *See* 28 U.S.C. § 1332(c)(2) (for purpose of diversity jurisdiction "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent").

    b.    Defendant Pfizer is, and was at the time Plaintiff filed this action, a corporation organized and existing under the laws of the State of Delaware with its principal place of business in New York, New York, and, therefore, is a citizen of Delaware and New York for purposes of determining diversity. *See* 28 U.S.C. § 1332(c)(1).

    c.    AmerisourceBergen is, and was at the time Plaintiff filed this action, a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Chesterbrooke, Pennsylvania, and, therefore, is a citizen of Delaware and Pennsylvania for purposes of determining diversity. *See* 28 U.S.C. § 1332(c)(1).

    5.    <u>Amount in Controversy.</u> The amount in controversy plainly exceeds the jurisdictional minimum requirement. Plaintiff alleges that his decedent sustained "a cerebral vascular event" and "died" while taking Bextra. *See, e.g.*, Compl. ¶¶ 5-8 (at page 21). Plaintiff seeks unlimited compensatory and punitive damages against Pfizer and AmerisourceBergen and brings claims for wrongful death, negligence, strict liability, misrepresentation, fraud, breach of warranty, and for violation of the Ohio Consumer Sales Practices Act and Ohio Consumer Fraud Act. *See* Compl. at pages 18-79. Therefore, it is facially obvious that the amount of damages alleged to be in controversy exceeds $75,000, exclusive of interests and costs. *See Crosby v. Am.*

*On-Line, Inc.*, 967 F. Supp. 257 (N.D. Ohio 1997); *Michigan Mfrs. Serv., Inc. v. Robertshaw Controls Co.*, 134 F.R.D. 154 (E.D. Mich. 1991).

6. <u>Basis for Jurisdiction in this Court.</u> Thus, this is a civil action in which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C.§ 1441(a) and (b) in that it appears from the Complaint and otherwise that this is an action between citizens of different states in which the amount of controversy exceeds $75,000, exclusive of interest and costs, and Defendants are not citizens of the State of Ohio.

## II.  REMOVAL IS OTHERWISE APPROPRIATE.

7. <u>Timing.</u> As shown above, Plaintiff consents to this removal and does not wish to file a motion to remand raising any potential procedural objection to the timing of this removal.[1] *See* Exhibit A. To the contrary, Plaintiff now wishes to litigate his case in federal court and in the MDL proceeding. *See id.* As the Sixth Circuit has long recognized, "there is a distinction in the [removal] statute between defects in removal procedure, which are waived unless raised in a plaintiff's motion within thirty days after removal, and lack of subject matter jurisdiction, which requires the court to remand at any time prior to final judgment." *Page v. City of Southfield*, 45 F.3d 128, 133 (6th Cir. 1995) (following *In re Allstate Ins. Co.*, 8 F.3d 219, 223-24 (5th Cir. 1993) and *In re Continental Cas. Co.*, 29 F.3d 292, 294 (7th Cir. 1994)); *see also Stokes v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 523 F.2d 433, 436 (6th Cir. 1975) (in circumstances "not involving the jurisdiction of the federal court, a [party's] failure to timely object to improper

---

[1] The Complaint was filed in state court on April 4, 2005, and the last non-diverse defendant was dismissed on June 12, 2006. *See* Exhibits B and C.

removal waives the objection"). Indeed, "[t]he time limitation for removal"—including 28 U.S.C. § 1446(b)'s reference to "the removal of cases not more than one year after the commencement of the action"—"is not jurisdictional; it is merely 'modal and formal *and may be waived.*'" *Barnes v. Westinghouse Elec. Corp.*, 962 F.2d 513, 516 (5th Cir. 1992) (quoting *Nolan v. Boeing Co.*, 919 F.2d 1058, 1063 n.6 (5th Cir. 1990) (internal quotation omitted)) (emphasis added); *see* 28 U.S.C. § 1446 (timing provisions part of "*procedure* for removal") (emphasis added); *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 75 n.13 (1996) (categorizing argument concerning one-year provision as "a nonjurisdictional argument" in the course of addressing question presented); *Ariel Land Owners, Inc. v. Dring*, 351 F.3d 611, 614 (3d Cir. 2003) (recognizing that one-year and 30-day provisions are non-jurisdictional and waivable).[2] In recognition of these principles, in *Page*, the Sixth Circuit held that "§ 1447(c) does not authorize *sua sponte* remands for purely procedural defects"—including "fail[ure] to satisfy the filing requirement of 28 U.S.C. § 1446, which affords defendants thirty days after service of process to remove"—where the plaintiff does *not* oppose removal. *Page*, 45 F.3d at 133.

Here, as shown, Plaintiff does not wish to raise any procedural objection to this removal, including any objection to timing; Plaintiff wishes to litigate this case in federal court and to have his case transferred to the MDL court. *See* Exhibit A. As such, removal at this time is warranted and in the interests of judicial economy and efficiency. Moreover, this removal serves

---

[2] *See also Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 428-29 (5th Cir. 2003) (recognizing that "equity may require that the one-year limit in § 1446(b) be extended"); *Nolan v. Prime Tanning Co.*, 871 F.2d 76, 77 n.2 (8th Cir. 1989) (explaining that the "one year time limit" in Section 1446(b) "does not apply when, as in this case, a plaintiff consents to the dismissal of a diversity-destroying defendant").

the interests of justice and does not prejudice any party.[3]

8.    Consent. As noted, all parties join in or consent to this removal. A copy of Plaintiff's consent to this removal is attached hereto as Exhibit A.

9.    Removal to Proper Court. This Court is part of "the district and division embracing the place where" this action was filed. 28 U.S.C. § 1441(a); see 28 U.S.C. 1446(a); 28 U.S.C. § 115(a)(2).

10.   Pleadings and Process. Pursuant to 28 U.S.C. 1446(a), a "copy of all process, pleadings, and orders served upon" the Defendants are attached as Exhibit B.

11.   Defendant will promptly serve on Plaintiff's counsel and file with the Court of Common Pleas in Lucas County, Ohio, a true and correct copy of this Notice of Removal. See 28 U.S.C. § 1446(d).

12.   If any question arises as to the propriety of the removal of this action, the parties respectfully request the opportunity to present a brief and oral argument in support of their position that this case is removable.

---

[3] The unpublished, summary order in Brock v. Syntex Labs., Inc., 1993 WL 389946 (6th Cir. Oct. 1, 1993), suggesting that the one-year reference in § 1446 may be jurisdictional in some circumstances, does not change the analysis here. First, it is axiomatic that Brock, as an unpublished decision, does not have the force of binding law. See, e.g., Lundgren v. Mitchell, 440 F.3d 754, 765 n.3 (6th Cir. 2006). Second, an unpublished decision lacks any persuasive power and "could not be the law in any event" where it is contrary to United States Supreme Court or published Circuit precedent. See id. Any reading of Brock that would preclude removal here would be contrary to decisions such as Caterpillar and Page discussed above. Third, in any event, in Brock, the plaintiff filed a motion to remand raising a procedural defect objection to the removal and wished to remain in state court. See 1993 WL 389946, at *1. The Brock opinion did not reach the issue present here—where Plaintiff wishes to waive any objection to potential procedural defects and proceed in federal court—and therefore is inapposite in all events.

WHEREFORE, Defendants Pfizer Inc. and AmerisourceBergen Drug Corporation remove this action from the Court of Common Pleas, Lucas County, Ohio, to this Court, the United States District Court for the Northern District of Ohio, Western Division.

Respectfully submitted,

*/s/ Matthew P. Moriarty*
MATTHEW P. MORIARTY (0028389)
ANNE M. KORDAS (0065101)
RONALD A. MARGOLIS (0031241)
MMoriarty@tuckerellis.com
AKordas@tuckerellis.com
RMargolis@tuckerellis.com
Tucker Ellis & West LLP
1150 Huntington Bldg.
925 Euclid Avenue
Cleveland, OH 44115-1414
Telephone:   216.592.5000
Telefax:       216.592.5009

Attorneys for Defendants Pfizer Inc. and AmerisourceBergen Drug Corporation

## CERTIFICATE OF SERVICE

A copy of the foregoing Joint Notice of Removal has been sent by electronic mail and regular U.S. Mail, postage prepaid, this 6th day of September, 2007 to the following:

| | |
|---|---|
| James T. Ball<br>Theodore C. Jennings<br>120 S. LaSalle Street<br>Suite 1500<br>Chicago, Illinois 60603 | *Attorneys for Plaintiff* |

/s/ Matthew P. Moriarty
One of the Attorneys for Defendants Pfizer Inc. and AmerisourceBergen Drug Corporation