# EXHIBIT

# B

**CT CORPORATION**
A WoltersKluwer Company

**Service of Process Transmittal**
04/07/2005
Log Number 510109826

TO:    Allen P Waxman
       Pfizer Inc.
       M.S. 150/02/36, 235 East 42nd Street
       New York, NY, 10017-5755

RE:    **Process Served in Ohio**

FOR:   Pfizer Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Joseph Cook, as Executor of the Estate of Betty Cook, Deceased, Pltf. Vs St. Vincent Mercy Medical Center, et al., including Pfizer, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Lucas County, Court of Common Pleas, OH<br>Case # G4801CI200502452000 |
| **NATURE OF ACTION:** | Wrongful Death - Other - Coronary Artery Bypass on October 15, 2004. |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Cincinnati, OH |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 04/07/2005 postmarked on 04/05/2005 |
| **APPEARANCE OR ANSWER DUE:** | Within 28 days |
| **ATTORNEY(S) / SENDER(S):** | Stephen Serraino<br>Law Offices of James T. Ball, Ltd.<br>120 South LaSalle Street<br>Suite 1500<br>Chicago, IL, 60603<br>312-609-4900 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 791033250484 |
| **SIGNED:** | C T Corporation System |
| **PER:** | Valerie Grove |
| **ADDRESS:** | 36 East Seventh Street<br>Suite 2400<br>Cincinnati, OH, 45202 |
| **TELEPHONE:** | 513-621-3697 |



DAILY INTAKE

APR 1 1 2005

PFIZER LITIGATION GROUP

Page 1 of 1 / VG

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action.

# LUCAS COUNTY COMMON PLEAS COURT
## CORNER ADAMS & ERIE STREETS
### TOLEDO, OHIO 43624

## SUMMONS
## CIVIL ACTION

PFIZER INC
C/O CT CORPORATION SYSTEM R/A
36 EAST SEVENTH ST STE 2400
CINCINNATI, OH 45202

G-4801-CI-200502452-000

JUDGE: CHARLES J. DONEGHY

You have the right to seek legal counsel.  If you cannot afford a lawyer, you may contact the Legal Services of Northwest Ohio.  If you do not qualify for services by the Legal Services of Northwest Ohio and do not know an attorney you may contact the Toledo Bar Association's Lawyer Referral Service

---

You have been named as a defendant in a Complaint filed in this Court by the plaintiff named below.  A copy of the Complaint is attached to this Summons.

You are hereby summoned and required to serve upon the plaintiff's attorney, or upon the plaintiff, if he has no attorney of record, a copy of an answer to the complaint, within twenty-eight (28) days after you receive this Summons, exclusive of the of the day of service.  Your answer must be filed with the Clerk of Court of Common Pleas within three (3) days after the service of a copy of the Answer on the plaintiff's attorney.

If you fail to serve and file your Answer, judgment by default will be rendered against you for the relief demanded in the Complaint.

---

PLAINTIFF (S)
JOSEPH COOK
EXECUTOR ESTATE OF BETTY COOK

ATTORNEY FOR PLAINTIFF(S)
JAMES T BALL
120 SOUTH LASALLE ST
STE 1500
CHICAGO, IL 60603

BERNIE QUILTER
CLERK OF COURTS

Date:  April 05, 2005

By:  _____
              Deputy Clerk

FILED
LUCAS COUNTY

IN THE COURT OF COMMON PLEAS 2005 APR -4  A 9: 17
LUCAS COUNTY, OHIO

JOSEPH COOK, as Executor of the )          COMMON PLEAS COURT
Estate of BETTY COOK,           )             BERNIE QUILTER
Deceased,                       )            CLERK OF COURTS
                                )
        Plaintiff,              )
                                )
        v.                      )     No.
                                )
ST. VINCENT MERCY MEDICAL CENTER )
    R/A Martin B. Morrissey     )          CI0200502452
    2200 Jefferson Avenue       )
    Toledo, Ohio 43624          )
                                )
        and                     )      ASSIGNED TO JUDGE DONEGHY
                                )
CHRISTOPHER J. RIORDAN, M.D.    )
    Surgicor, Inc.              )
    2213 Cherry St., Suite 309ACC )
    Toledo, Ohio 43608          )
                                )
        and                     )
                                )
SURGICOR, INC.                  )
    R/A John F. McCarthy        )
    1 Seagate, 17th Floor       )
    Toledo, Ohio 43604          )
                                )
        and                     )
                                )
VIRGINIA HALACHANOVA, M.D.      )
    Snyder Medical Arts Building )
    1030 W. Wayne St.           )
    Paulding, Ohio 45879        )
                                )
        and                     )
                                )
PAULDING COUNTY HOSPITAL        )
    R/A Gary Adkins             )
    1035 W. Wayne Street        )
    Paulding, Ohio 45879        )
                                )
        and                     )
                                )

1

```
PFIZER, INC.                           )
    R/A CT Corporation System          )
    36 East Seventh Street             )
    Suite 2400                         )
    Cincinnati, Ohio 45202             )
                                       )
    and                                )
                                       )
AMERISOURCEBERGEN                       )
    R/A Amerisource Corporation        )
    1300 Morris Drive                  )
    Chesterbrook, PA 19087-5594        )
                                       )
    and                                )
                                       )
AMERISOURCEBERGEN DRUG CORPORATION )
    R/A CT Corporation System          )
    1300 East 9th Street               )
    Cleveland, OH 44114                )
                                       )
    and                                )
                                       )
THE ESTATE OF MARK TEETS, M.D.         )
                                       )
                                       )
        Defendants.                    )
```

## COMPLAINT AT LAW

### COUNT I – ST. VINCENT MERCY MEDICAL CENTER – WRONGFUL DEATH

NOW COMES the Plaintiff, JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, by and through his attorneys, the Law Offices of James T. Ball, Ltd., and complaining of the Defendant ST. VINCENT MERCY MEDICAL CENTER, ("ST. VINCENT") individually and by and through its employees and agents, including all physicians noted herein, states as follows:

1.    Beginning on or about October 15, 2004, the plaintiff BETTY COOK was under the care and treatment of defendant ST.

2

VINCENT, individually and by and through its employees and agents.

2.   It then and there became and was the duty of defendant ST. VINCENT, individually and by and through its employees and agents, to render medical services consistent with the medical needs of the plaintiff.

3.   After assuming the care of BETTY COOK, the defendant ST. VINCENT, individually and by and through its employees and agents, including but not limited to DR. CHRISTOPHER RIORDAN, was then and there careless and negligent in, but not limited to, the following respects: performing coronary artery bypass graft (CABG) surgery on Betty Cook on October 15, 2004, while she was taking the prescription medication Bextra, when ST. VINCENT, individually and by and through its employees and/or agents, including but not limited to DR. CHRISTOPHER RIORDAN, knew or should have known that performing CABG surgery while Mrs. Cook was on Bextra created an unreasonable risk of heart attack or stroke.

4.   BETTY COOK survived surgery.   On the morning of October 16, 2004, she was transferred to the step-down unit entirely intact neurologically.   At 3:30 p.m. on October 16, 2004, BETTY COOK suffered a cerebral vascular event.

5.   BETTY COOK died on October 19, 2004.

3

6.    BETTY COOK'S death on October 19, 2004, was a direct result of the aforementioned acts and/or omissions.

7.    On October 19, 2004, Plaintiff Decedent BETTY COOK left surviving her, heirs and next of kin.

8.    As a direct and proximate result of the death of BETTY COOK, her heirs and next of kin have suffered pecuniary loss, loss of society, companionship, support, services, and guidance of BETTY COOK, all of which conditions are permanent.

9.    JOSEPH COOK brings this action in his capacity as the Executor of the Estate of BETTY COOK, pursuant to his appointment by the Probate Court of Paulding County, Ohio.

WHEREFORE, on the basis of the foregoing, plaintiff, JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, prays judgment against the defendant ST. VINCENT MERCY MEDICAL CENTER, individually and by and through its employees and agents, in such an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), as shall be just and proper compensation for the injuries sustained, plus costs.

<u>COUNT II - ST. VINCENT MERCY MEDICAL CENTER - SURVIVAL</u>

NOW COMES Plaintiff, JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, by and through his attorneys, the Law Offices of James T. Ball, Ltd., and complaining of the defendant ST. VINCENT, states as follows:

4

1-6.  Plaintiff repeats and realleges paragraphs 1 through 6 of Count I of this Complaint as paragraphs 1 through 6 of Count II as though fully set forth herein.

7.  Prior to her death, Plaintiff's Decedent BETTY COOK suffered injuries of a personal and pecuniary nature, including disability and conscious pain and suffering that were a direct and proximate result of one or more of the aforesaid acts and/or omissions of defendant ST. VINCENT, acting individually and by and through its employees and/or agents.

8.  The cause of action for the conscious pain and suffering sustained by BETTY COOK survives her death.

9.  JOSEPH COOK brings this action in his capacity as Executor of the Estate of BETTY COOK, pursuant to his appointment by the Probate Court of Paulding County, Ohio.

WHEREFORE, Plaintiff, JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, prays judgment against defendant ST. VINCENT, in such an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) as shall be just and proper compensation for the injuries sustained, plus costs.

## COUNT III – CHRISTOPHER RIORDAN, M.D. - WRONGFUL DEATH

NOW COMES Plaintiff, JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, by and through his attorneys, the Law Offices of James T. Ball Ltd., and complaining of the defendant DR. CHRISTOPHER RIORDAN, states as follows:

1.   At all times relevant herein, the defendant DR. CHRISTOPHER RIORDAN, was a physician duly licensed in the practice of his profession, in the State of Ohio.

2.   On information and belief, at all times relevant herein, DR. CHRISTOPHER RIORDAN, was a resident of the State of Ohio.

3.   Beginning on or about October 15, 2004, DR. CHRISTOPHER RIORDAN, acting in his capacity as a physician, rendered care to BETTY COOK.

4.   At all times relevant herein, DR. CHRISOTOPHER RIORDAN, had a duty to care for BETTY COOK according to the prevailing and accepted standards of care in his specialty.

5.   DR. CHRISTOPHER RIORDAN, after assuming the care and treatment of BETTY COOK, was careless and negligent in, but not limited to, the following respects: performing coronary artery bypass graft (CABG) surgery on BETTY COOK on October 15, 2004, while she was taking the prescription medication Bextra, when DR. CHRISTOPHER RIORDAN knew or should have known that performing CABG surgery while BETTY COOK was on Bextra created an unreasonable risk of heart attack or stroke.

6.   BETTY COOK survived surgery.   On the morning of October 16, 2004, she was transferred to the step-down unit entirely intact neurologically.   At 3:30 p.m. on October 16, 2004, BETTY COOK suffered a cerebral vascular event.

7.    BETTY COOK died on October 19, 2004.

8.    BETTY COOK'S death on October 19, 2004, was a direct result of the aforementioned acts and/or omissions.

9.    On October 19, 2004, Plaintiff Decedent BETTY COOK left surviving her, heirs and next of kin.

10.   As a direct and proximate result of the death of BETTY COOK, her heirs and next of kin have suffered pecuniary loss, loss of society, companionship, support, services, and guidance of BETTY COOK, all of which conditions are permanent.

11.   JOSEPH COOK brings this action in his capacity as Executor of the Estate of BETTY COOK, pursuant to his appointment by the Probate Court of Paulding County, Ohio.

WHEREFORE, Plaintiff, JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, prays judgment against defendant DR. CHRISTOPHER RIORDAN, in such an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) as shall be just and proper compensation for the injuries sustained, plus costs.

<u>COUNT IV - DR. CHRISTOPHER RIORDAN - SURVIVAL</u>

NOW COMES Plaintiff, JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, by and through his attorneys, the Law Offices of James T. Ball Ltd., and complaining of the defendant DR. CHRISTOPHER RIORDAN, states as follows:

7

1-8.   Plaintiff repeats and realleges paragraphs 1 through 8 of Count III of this Amended Complaint as paragraphs 1 through 8 of Count IV as though fully set forth herein.

9.   Prior to her death, Plaintiff's Decedent BETTY COOK suffered injuries of a personal and pecuniary nature, including disability and conscious pain and suffering that were a direct and proximate result of one or more of the aforesaid acts and/or omissions of defendant Dr. CHRISTOPHER RIORDAN.

10.   The cause of action for the conscious pain and suffering sustained by BETTY COOK survives her death.

11.   JOSEPH COOK brings this action in his capacity as Executor of the Estate of BETTY COOK, pursuant to his appointment by the Probate Court of Paulding County, Ohio.

WHEREFORE, Plaintiff, JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, prays judgment against defendant DR. CHRISTOPHER RIORDAN, in such an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) as shall be just and proper compensation for the injuries sustained, plus costs.

## COUNT V - SURGICOR, INC. - WRONGFUL DEATH

NOW COMES Plaintiff, JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, by and through his attorneys, the Law Offices of James T. Ball, Ltd., and complaining of the defendant SURGICOR, INC., states as follows:

1. At all times relevant herein, the defendant, SURGICOR, INC., was a business organization under the laws of the State of Ohio and in the business of providing health care.

2. On information and belief, on October 15, 2004, and at all times relevant herein, Defendant DR. CHRISTOPHER RIORDAN, was an agent and/or employee of SURGICOR, INC.

3. At all times material herein, DR. CHRISTOPHER RIORDAN was acting within the course and scope of his agency and employment with SURGICOR, INC.

4. SURGICOR, INC., by and through its agents and/or employees, including but not limited to DR. CHRISTOPHER RIORDAN, offered medical care and treatment to patients of DR. CHRISTOPHER RIORDAN such as BETTY COOK.

5. At times relevant herein it was the duty of SURGICOR, INC., acting by and through its agents and/or employees, including but not limited to DR. CHRISOTOPHER RIORDAN, in caring for BETTY COOK, to render care and treatment according to the prevailing and accepted standards of care.

6. Beginning on or about October 15, 2004, SURGICOR, INC., by and through its agents and/or employees, including, but not limited to, DR. CHRISTOPHER RIORDAN, rendered care to BETTY COOK.

7. SURGICOR, INC., by and through its agents and employees, including but not limited to DR. CHRISTOPHER RIORDAN,

after assuming the care and treatment of BETTY COOK, was careless and negligent in, but not limited to, the following repects: performing coronary artery bypass graft (CABG) surgery on Betty Cook on October 15, 2004, while she was taking the prescription medication Bextra, when SURGICOR, INC., by and through its employees and agents, including but not limited to DR. CHRISTOPHER RIORDAN, knew or should have known that performing CABG surgery while Mrs. Cook was on Bextra created an unreasonable risk of heart attack or stroke.

8.   BETTY COOK survived surgery.   On the morning of October 16, 2004, she was transferred to the step-down unit entirely intact neurologically.   At 3:30 p.m. on October 16, 2004, BETTY COOK suffered a cerebral vascular event.

9.   BETTY COOK died on October 19, 2004.

10.   BETTY COOK'S death on October 19, 2004, was a direct result of the aforementioned acts and/or omissions.

11.   On October 19, 2004, Plaintiff Decedent BETTY COOK left surviving her, heirs and next of kin.

12.   As a direct and proximate result of the death of BETTY COOK, her heirs and next of kin have suffered pecuniary loss, loss of society, companionship, support, services, and guidance of BETTY COOK, all of which conditions are permanent.

13. JOSEPH COOK brings this action in his capacity as Executor of the Estate of BETTY COOK, pursuant to his appointment by the Probate Court of Paulding County, Ohio.

WHEREFORE, Plaintiff, JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, prays judgment against defendant SURGICOR, INC., in such an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) as shall be just and proper compensation for the injuries sustained, plus costs.

## COUNT VI - SURGICOR, INC. - SURVIVAL

NOW COMES Plaintiff, JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, by and through his attorneys, the Law Offices of James T. Ball, Ltd., and complaining of the defendant SURGICOR, INC., states as follows:

1-10. Plaintiff repeats and realleges paragraphs 1 through 10 of Count V of this Complaint as paragraphs 1 through 10 of Count VI as though fully set forth herein.

11. Prior to her death, Plaintiff Decedent BETTY COOK suffered injuries of a personal and pecuniary nature, including disability and conscious pain and suffering that were a direct and proximate result of one or more of the aforesaid acts and/or omissions of defendant SURGICOR, INC., acting by and through its agents and/or employees including but not limited to DR. CHRISTOPHER RIORDAN.

11

12. The cause of action for the conscious pain and suffering sustained by Plaintiff Decedent survives her death.

13. JOSEPH COOK brings this action in his capacity as Executor of the Estate of BETTY COOK, pursuant to his appointment by the Probate Court of Paulding County, Ohio.

WHEREFORE, Plaintiff, JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, prays judgment against defendant SURGICOR, INC., in such an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) as shall be just and proper compensation for the injuries sustained, plus costs.

## COUNT VII – VIRGINIA HALACHANOVA, M.D. – WRONGFUL DEATH

NOW COMES Plaintiff, JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, by and through his attorneys, the Law Offices of James T. Ball, Ltd., and complaining of the defendant DR. VIRGINIA HALACHANOVA, states as follows:

1. At all times relevant herein, the defendant DR. VIRGINIA HALACHANOVA, was a physician duly licensed in the practice of her profession, in the State of Ohio.

2. On information and belief, at all times relevant herein, DR. VIRGINIA HALACHANOVA, was a resident of the State of Ohio.

3. Beginning on or about October 1, 2003, and at all times relevant herein, DR. VIRGINIA HALACHANOVA, acting in her capacity as a physician, rendered care to BETTY COOK.

12

4.   At all times relevant herein DR. VIRGINIA HALACHANOVA, had a duty to care for BETTY COOK according to the prevailing and accepted standards of care in her specialty.

5.   DR. VIRGINIA HALACHANOVA was then and there careless and negligent in, but not limited to, the following respects: maintaining BETTY COOK on Bextra (Valdecoxib) when DR. VIRGINIA HALACHANOVA knew or should have known that prescribing Bextra for BETTY COOK created an unreasonable risk of heart attack or stroke.

6.   On October 15, 2004, BETTY COOK underwent CABG surgery.  BETTY COOK survived surgery.  On the morning of October 16, 2004, she was transferred to the step-down unit entirely intact neurologically.  At 3:30 p.m. on October 16, 2004, BETTY COOK suffered a cerebral vascular event.

7.   BETTY COOK died on October 19, 2004.

8.   BETTY COOK's death on October 19, 2004, was a direct result of the aforementioned acts and/or omissions.

9.   On October 19, 2004, Plaintiff Decedent BETTY COOK left surviving her, heirs and next of kin.

10.  As a direct and proximate result of the death of BETTY COOK, her heirs and next of kin have suffered pecuniary loss, loss of society, companionship, support, services, and guidance of BETTY COOK, all of which conditions are permanent.

13

11. JOSEPH COOK brings this action in his capacity as Executor of the Estate of BETTY COOK, pursuant to his appointment by the Probate Court of Paulding County, Ohio.

WHEREFORE, Plaintiff, JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, prays judgment against defendant DR. VIRGINIA HALACHANOVA, in such an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) as shall be just and proper compensation for the injuries sustained, plus costs.

## COUNT VIII - DR. VIRGINIA HALACHANOVA, M.D.- SURVIVAL

NOW COMES Plaintiff, JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, by and through his attorneys, the Law Offices of James T. Ball, Ltd., and complaining of the defendant DR. VIRGINIA HALACHANOVA, states as follows:

1-8. Plaintiff repeats and realleges paragraphs 1 through 8 of Count VII of this Amended Complaint as paragraphs 1 through 8 of Count VIII as though fully set forth herein.

9. Prior to her death, Plaintiff Decedent BETTY COOK suffered injuries of a personal and pecuniary nature, including disability and conscious pain and suffering that were a direct and proximate result of one or more of the aforesaid acts and/or omissions of defendant DR. VIRGINIA HALACHANOVA.

10. The cause of action for the conscious pain and suffering sustained by Plaintiff Decedent survives her death.

14

11. JOSEPH COOK brings this action in his capacity as Executor of the Estate of BETTY COOK, pursuant to his appointment by the Probate Court of Paulding County, Ohio.

WHEREFORE, Plaintiff, JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, prays judgment against defendant DR. VIRGINIA HALACHANOVA, in such an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) as shall be just and proper compensation for the injuries sustained, plus costs.

## COUNT IX – PAULDING COUNTY HOSPITAL – WRONGFUL DEATH

NOW COMES Plaintiff, JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, by and through his attorneys, the Law Offices of James T. Ball, Ltd., and complaining of the defendant PAULDING COUNTY HOSPITAL, states as follows:

1. At all times relevant herein, the defendant, PAULDING COUNTY HOSPITAL, was a business organization under the laws of the State of Ohio and in the business of providing health care.

2. On information and belief, at all times relevant herein, Defendant DR. VIRGINIA HALACHANOVA and DR. MARK TEETS, were agents and/or employees of PAULDING COUNTY HOSPITAL.

3. At all times material herein, DR. VIRGINIA HALACHANOVA and DR. MARK TEETS were acting within the course and scope of their agency and employment with PAULDING COUNTY HOSPITAL.

4. PAULDING COUNTY HOSPITAL, by and through its agents and/or employees, including but not limited to DR. VIRIGINIA

15

HALACHANOVA and DR. MARK TEETS, offered medical care and treatment to patients of DR. VIRGINIA HALACHANOVA and DR. MARK TEETS such as BETTY COOK.

5. At all times relevant herein it was the duty of PAULDING COUNTY HOSPITAL, acting by and through its agents and/or employees, including but not limited to DR. VIRIGINIA HALACHANOVA and DR. MARK TEETS, in caring for BETTY COOK, to render care and treatment according to the prevailing and accepted standards of care.

6. Beginning in 2003, and at all times material herein, PAULDING COUNTY HOSPITAL, acting in by and through its agents and/or employees, including but not limited to DR. VIRGINIA HALACHANOVA and DR. MARK TEETS rendered care to BETTY COOK.

7. PAULDING COUNTY HOSPITAL by and through its agents and employees, including but not limited to DR. VIRGINIA HALACHANOVA and DR. MARK TEETS, after assuming the care and treatment of BETTY COOK were careless and negligent in, but not limited to, the following respects: prescribing to BETTY COOK and/or maintaining BETTY COOK on Bextra (Valdecoxib) when they knew or should have known that prescribing Bextra for Mrs. Cook created an unreasonable risk of heart attack or stroke.

8. On October 15, 2004, BETTY COOK underwent CABG surgery. BETTY COOK survived surgery. On the morning of October 16, 2004, she was transferred to the step-down unit

16

entirely intact neurologically.    At 3:30 p.m. on October 16, 2004, BETTY COOK suffered a cerebral vascular event.

9.    BETTY COOK'S neurological status then waxed and waned until her death on October 19, 2004.

10.  BETTY COOK'S death on October 19, 2004, was a direct result of the aforementioned acts and/or omissions.

11.  On October 19, 2004, Plaintiff Decedent BETTY COOK left surviving her, heirs and next of kin.

12.  As a direct and proximate result of the death of BETTY COOK, her heirs and next of kin have suffered pecuniary loss, loss of society, companionship, support, services, and guidance of BETTY COOK, all of which conditions are permanent.

13.  JOSEPH COOK brings this action in his capacity as Executor of the Estate of BETTY COOK, pursuant to his appointment by the Probate Court of Paulding County, Ohio.

WHEREFORE, Plaintiff, JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, prays judgment against defendant PAULDING COUNTY HOSPITAL, in such an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) as shall be just and proper compensation for the injuries sustained, plus costs.

COUNT X - PAULDING COUNTY HOSPITAL - SURVIVAL

NOW COMES Plaintiff, JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, by and through his attorneys, the Law

Offices of James T. Ball, Ltd., and complaining of the defendant PAULDING COUNTY HOSPITAL, states as follows:

1-10. Plaintiff repeats and realleges paragraphs 1 through 10 of Count IX of this Complaint as paragraphs 1 through 10 of Count X as though fully set forth herein.

11. Prior to her death, Plaintiff Decedent BETTY COOK suffered injuries of a personal and pecuniary nature, including disability and conscious pain and suffering that were a direct and proximate result of one or more of the aforesaid acts and/or omissions of defendant PAULDING COUNTY HOSPITAL.

12. The cause of action for the conscious pain and suffering sustained by Plaintiff Decedent survives her death.

13. JOSEPH COOK brings this action in his capacity as Executor of the Estate of BETTY COOK, pursuant to his appointment by the Probate Court of Paulding County, Ohio.

WHEREFORE, Plaintiff, JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, prays judgment against defendant PAULDING COUNTY HOSPITAL, in such an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) as shall be just and proper compensation for the injuries sustained, plus costs.

COUNT XI- PFIZER - NEGLIGENCE (Wrongful Death)

NOW COMES Plaintiff, JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, by and through his attorneys, the Law

18

Offices of James T. Ball, Ltd., and complaining of the defendant PFIZER, states as follows:

1.    At all times relevant herein, PFIZER, individually and by and through its agents, manufactured, designed, tested, labeled, packaged, distributed, promoted, marketed, advertised and/or sold Bextra (valdecoxib) in the stream of commerce.

2.    At all times relevant herein, PFIZER had a duty to Plaintiff Decedent to exercise due care in the manufacture, design, testing, labeling, packaging, distribution, promotion, marketing, advertisement, sampling and/or sale of Bextra (valdecoxib).

3.    PFIZER breached its duty to exercise due care and was negligent in its actions and representations toward Plaintiff Decedent in, but not limited to, the following ways:

a.    failed to adequately test Bextra before and after placing it on the market;

b.    failed to conduct sufficient testing of Bextra, which if performed would have shown that Bextra created an unacceptable risk of cerebral vascular events in patients undergoing coronary artery bypass grafting ("CABG") procedures, and otherwise created an unacceptable risk of heart attack and stroke;

c.    failed to adequately warn Plaintiff Decedent and her health care providers of the risks of cardiovascular

19

events, including specifically cerebral vascular events in connection with CABG procedures;

d.   failed to provide adequate information or warnings with Bextra that would alert Plaintiff Decedent and her health care providers that they should not use Bextra until other alternatives had been tried, particularly where, as in Plaintiff Decedent's case, the patient was at significant risk of developing cardiovascular problems;

e.   failed to provide adequate post-marketing warnings or instructions after PFIZER knew of should have known of the significant risks of personal injury and death posed by its product, particularly in patients at significant risk of developing cardiovascular problems;

f.   failed to adequately warn Plaintiff Decedent and her health care providers that Bextra should not be used by patients with risk factors for responding adversely to Bextra, including a family history of heart disease or other risk factors for heart disease;

g.   failed to adequately warn Plaintiff that she was undertaking the risk of adverse events and death, including but not limited to death as the result of a cerebral vascular event; and/or

20

h.   failed to adequately and timely inform health care providers of the risks posed to patients using Bextra.

4.   PFIZER knew or should have known that Bextra caused an unreasonable risk of personal injury or death, including specifically the risk of cerebral vascular events in patients undergoing CABG procedure, to those patients who took it and otherwise created an unacceptable risk of heart attack and stroke.   PFIZER nevertheless marketed, sold and distributed Bextra knowing that safer treatment methods and products were available.

5.   On and before October 15, 2004, BETTY COOK, took Bextra (valdecoxib) as prescribed and in the manner intended by PFIZER.

6.   On October 15, 2004, BETTY COOK underwent CABG surgery.   BETTY COOK survived surgery.   On the morning of October 16, 2004, she was transferred to the step-down unit entirely intact neurologically.   At 3:30 p.m. on October 16, 2004, BETTY COOK suffered a cerebral vascular event.

7.   BETTY COOK died on October 19, 2004.

8.   BETTY COOK'S death on October 19, 2004, was a direct result of the aforementioned acts and/or omissions of PFIZER.

9.   On October 19, 2004, Plaintiff Decedent BETTY COOK left surviving her, heirs and next of kin.

21

10. As a direct and proximate result of the death of BETTY COOK, her heirs and next of kin have suffered pecuniary loss, loss of society, companionship, support, services, and guidance of BETTY COOK, all of which conditions are permanent.

11. JOSEPH COOK brings this action in his capacity as the Executor of the Estate of BETTY COOK, pursuant to his appointment by the Probate Court of Paulding County, Ohio.

12. PFIZER's actions as alleged above were in flagrant disregard of the safety of persons who might be harmed by the product in question.

WHEREFORE, on the basis of the foregoing, plaintiff, JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, prays judgment against the defendant PFIZER, individually and by and through its employees and agents, in such an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), as shall be just and proper compensation for the injuries sustained, together with punitive damages to be determined at trial in a sum sufficient to punish PFIZER and deter it and others from like conduct and costs of suit.

## COUNT XII - PFIZER - NEGLIGENCE

NOW COMES Plaintiff, JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, by and through his attorneys, the Law Offices of James T. Ball, Ltd., and complaining of the defendant PFIZER, states as follows:

22

1-8.   Plaintiff repeats and realleges paragraphs 1 through 8 of Count XI of this Complaint as paragraphs 1 through 8 of Count XII as though fully set forth herein.

9.   Prior to her death, Plaintiff Decedent BETTY COOK suffered injuries of a personal and pecuniary nature, including disability and conscious pain and suffering that were a direct and proximate result of one or more of the aforesaid acts and/or omissions of defendant PFIZER.

10.   The cause of action for the conscious pain and suffering sustained by Plaintiff Decedent survives her death.

11.   JOSEPH COOK brings this action in his capacity as Executor of the Estate of BETTY COOK, pursuant to his appointment by the Probate Court of Paulding County, Ohio.

12.   PFIZER's actions as alleged above were in flagrant disregard of the safety of persons who might be harmed by the product in question.

WHEREFORE, on the basis of the foregoing, plaintiff, JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, prays judgment against the defendant PFIZER, individually and by and through its employees and agents, in such an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), as shall be just and proper compensation for the injuries sustained, together with punitive damages to be determined at trial in a sum sufficient to punish

23

PFIZER and deter it and others from like conduct and costs of suit.

## COUNT XIII- PFIZER - STRICT LIABILITY (Failure to Warn)

## (Wrongful Death)

NOW COMES Plaintiff, JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, by and through his attorneys, the Law Offices of James T. Ball, Ltd., and complaining of the defendant PFIZER, states as follows:

1.    At all times relevant herein, PFIZER, individually and by and through its agents, manufactured, designed, tested, labeled, packaged, distributed, promoted, marketed, advertised and/or sold Bextra (valdecoxib) in the stream of commerce.

2.    PFIZER failed to provide the warning or instruction regarding the potential side effects of Bextra, particularly of the risks posed to patients of cardiovascular events, including cerebral vascular events that a business in the position of PFIZER exercising reasonable care would have provided concerning those risks.

3.    PFIZER failed to conduct sufficient testing that would have revealed the serious potential harm posed by the use of Bextra, which would have called for said warnings.

4.    PFIZER, the manufacturer and supplier of Bextra, failed to provide adequate warnings and instructions because, after it knew or should have known of the serious risks posed by

24

Bextra it failed to provide adequate warning of those risks even as it continued to aggressively market Bextra.

5.    On and before October 15, 2004, BETTY COOK, took Bextra (valdecoxib) as prescribed and in the manner intended by PFIZER.

6.    On October 15, 2004, BETTY COOK underwent CABG surgery.    BETTY COOK survived surgery.    On the morning of October 16, 2004, she was transferred to the step-down unit entirely intact neurologically.    At 3:30 p.m. on October 16, 2004, BETTY COOK suffered a cerebral vascular event.    BETTY COOK died on October 19, 2004.

7.    Had BETTY COOK received adequate warnings of the risks posed by Bextra, particularly in light of her risk factors for suffering an adverse reaction to the drug, she would not have taken or continued to take Bextra.

8.  As a direct and proximate result of the defective condition and inadequate warnings regarding Bextra, BETTY COOK died on October 19, 2004.

9.    On October 19, 2004, Plaintiff Decedent BETTY COOK left surviving her, heirs and next of kin.

10.  As a direct and proximate result of the death of BETTY COOK, her heirs and next of kin have suffered pecuniary loss, loss of society, companionship, support, services, and guidance of BETTY COOK, all of which conditions are permanent.

11.   JOSEPH COOK brings this action in his capacity as the Executor of the Estate of BETTY COOK, pursuant to his appointment by the Probate Court of Paulding County, Ohio.

12.   PFIZER's actions as alleged above were in flagrant disregard of the safety of persons who might be harmed by the product in question.

WHEREFORE, on the basis of the foregoing, plaintiff, JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, prays judgment against the defendant PFIZER, individually and by and through its employees and agents, in such an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), as shall be just and proper compensation for the injuries sustained, together with punitive damages to be determined at trial in a sum sufficient to punish PFIZER and deter it and others from like conduct and costs of suit.

COUNT XIV- PFIZER - STRICT LIABILITY (Failure to Warn)(Survival)

NOW COMES Plaintiff, JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, by and through his attorneys, the Law Offices of James T. Ball, Ltd., and complaining of the defendant PFIZER, states as follows:

1-8.   Plaintiff repeats and realleges paragraphs 1 through 8 of Count XIII of this Complaint as paragraphs 1 through 8 of Count XIV as though fully set forth herein.

9.   Prior to her death, Plaintiff's Decedent BETTY COOK suffered injuries of a personal and pecuniary nature, including disability and conscious pain and suffering that were a direct and proximate result of one or more of the aforesaid acts and/or omissions of defendant PFIZER, INC.

10.  The cause of action for the conscious pain and suffering sustained by Plaintiff Decedent survives her death.

11.  JOSEPH COOK brings this action in his capacity as Executor of the Estate of BETTY COOK, pursuant to his appointment by the Probate Court of Paulding County, Ohio.

12.  PFIZER's actions as alleged above were in flagrant disregard of the safety of persons who might be harmed by the product in question.

WHEREFORE, on the basis of the foregoing, plaintiff, JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, prays judgment against the defendant PFIZER, individually and by and through its employees and agents, in such an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), as shall be just and proper compensation for the injuries sustained, together with punitive damages to be determined at trial in a sum sufficient to punish PFIZER and deter it and others from like conduct and costs of suit.

COUNT XV - PFIZER - STRICT LIABILITY (Design Defect)(Wrongful Death)

27

NOW COMES Plaintiff, JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, by and through his attorneys, the Law Offices of James T. Ball, Ltd., and complaining of the defendant PFIZER, states as follows:

1.   At all times relevant herein, PFIZER was engaged in the business of manufacturing, distributing, selling and/or prescribing pharmaceutical medications, including Bextra, which reach the consumer without substantial change in the condition in which they leave PFIZER's control.

2.   Plaintiff Decedent took Bextra, a medication that was manufactured, distributed, sold, prescribed and/or otherwise put into the stream of commerce by Defendant PFIZER. Bextra was defectively designed in that it was unreasonably dangerous to its users and was in this defective condition when it left PFIZER's control.

3.   BETTY COOK was unaware of the significant defects of Bextra, including specifically, but not limited, the unreasonable risk of cardiovascular complications posed by its consumption. Bextra, a pain relief medication, which was marketed as a safe alternative to traditional NSAID's on the basis that Bextra posed a smaller risk of gastrointestinal side effects than traditional NSAID's, was unreasonably dangerous, in that it posed a greater danger of cardiovascular events, including potentially death, than would be reasonably

28

contemplated by the ordinary user, even when used in the manner in which it was intended.

4.   Bextra was defectively designed because the foreseeable risks associated with Bextra exceeded the benefits associated with its design or formulation, and at the time Bextra left the control of PFIZER practical and technically feasible alternative drug formulations were available to treat BETTY COOK'S symptoms.

5.   Bextra is also defective in that it was inadequately tested and studied, and the results of what tests and studies that were performed were inadequately reported to potential patients and health care providers.

6.   PFIZER designed, manufactured and/or placed Bextra into the stream of commerce in the same or substantially the same condition in which it was purchased by BETTY COOK.

7.   On and before October 15, 2004, BETTY COOK, took Bextra (valdecoxib) as prescribed and in the manner intended by PFIZER.

8.   On October 15, 2004, BETTY COOK underwent CABG surgery.   BETTY COOK survived surgery.   On the morning of October 16, 2004, she was transferred to the step-down unit entirely intact neurologically.   At 3:30 p.m. on October 16, 2004, BETTY COOK suffered a cerebral vascular event.

9.   BETTY COOK died on October 19, 2004.

29

10. PFIZER is strictly liable to Plaintiff for designing, manufacturing, and placing into the stream of commerce the product, Bextra, which was unreasonably dangerous for its reasonably foreseeable uses at the time it left the control of PFIZER because those design defects were a proximate cause of BETTY COOK's death.

11. PFIZER is likewise strictly liable for defectively marketing Bextra in that it failed to warn, adequately warn, or instruct in the safe use of the product and such defective marketing was a proximate cause of BETTY COOK's death.

12. PFIZER knew, or in the exercise of ordinary care should have known, that Bextra was defective and unreasonably dangerous to those persons likely to use Bextra for the purpose and in the manner for which it was intended to be used.

13. As a direct and proximate result of the foregoing acts and omissions on the part of PFIZER, BETTY COOK died on October 19, 2004.

14. On October 19, 2004, Plaintiff Decedent BETTY COOK left surviving her, heirs and next of kin.

15. As a direct and proximate result of the death of BETTY COOK, her heirs and next of kin have suffered pecuniary loss, loss of society, companionship, support, services, and guidance of BETTY COOK, all of which conditions are permanent.

30

16. JOSEPH COOK brings this action in his capacity as the Executor of the Estate of BETTY COOK, pursuant to his appointment by the Probate Court of Paulding County, Ohio.

17. PFIZER's actions as alleged above were in flagrant disregard of the safety of persons who might be harmed by the product in question.

WHEREFORE, on the basis of the foregoing, plaintiff, JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, prays judgment against the defendant PFIZER, individually and by and through its employees and agents, in such an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), as shall be just and proper compensation for the injuries sustained, together with punitive damages to be determined at trial in a sum sufficient to punish PFIZER and deter it and others from like conduct and costs of suit.

## COUNT XVI- PFIZER - STRICT LIABILITY (Design Defect)(Survival)

NOW COMES Plaintiff, JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, by and through his attorneys, the Law Offices of James T. Ball, Ltd., and complaining of the defendant PFIZER, states as follows:

1-13. Plaintiff repeats and realleges paragraphs 1 through 13 of Count XV of this Amended Complaint as paragraphs 1 through 13 of Count XVI as though fully set forth herein.

31

14. Prior to her death, Plaintiff Decedent BETTY COOK suffered injuries of a personal and pecuniary nature, including disability and conscious pain and suffering that were a direct and proximate result of one or more of the aforesaid acts and/or omissions of defendant PFIZER.

15. The cause of action for the conscious pain and suffering sustained by Plaintiff Decedent survives her death.

16. JOSEPH COOK brings this action in his capacity as Executor of the Estate of BETTY COOK, pursuant to his appointment by the Probate Court of Paulding County, Ohio.

17. PFIZER's actions as alleged above were in flagrant disregard of the safety of persons who might be harmed by the product in question.

WHEREFORE, on the basis of the foregoing, plaintiff, JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, prays judgment against the defendant PFIZER, individually and by and through its employees and agents, in such an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), as shall be just and proper compensation for the injuries sustained, together with punitive damages to be determined at trial in a sum sufficient to punish PFIZER and deter it and others from like conduct and costs of suit.

32

<u>COUNT XVII - PFIZER - MISREPRESENTATION AND FRAUD (Wrongful</u>

<u>Death)</u>

NOW COMES Plaintiff, JOSEPH COOK, as Executor of the Estate

of BETTY COOK, Deceased, by and through his attorneys, the Law

Offices of James T. Ball, Ltd., and complaining of the defendant

PFIZER, states as follows:

1.   At all times relevant herein, PFIZER, individually and

by and through its agents, manufactured, designed, tested,

labeled, packaged, distributed, promoted, marketed, advertised

and/or sold Bextra (valdecoxib) in the stream of commerce.

2.   PFIZER misrepresented to BETTY COOK and the health

care industry the safety and effectiveness of Bextra and/or

fraudulently, intentionally and/or negligently concealed

material information, including adverse information regarding

the safety and effectiveness of Bextra.

3.   PFIZER made misrepresentations and actively concealed

adverse information at a time when PFIZER knew, or should have

known, that Bextra had defects, dangers, and characteristics

that were different than what PFIZER represented to BETTY COOK

and the health care industry. PFIZER'S misrepresentations and/or

active concealment from BETTY COOK, the health care industry and

consumers includes, but is not limited, to:

(a)  That Bextra was safe for use by patients such as

BETTY COOK when in fact the use of Bextra and/or

33

other NSAIDs that specifically inhibited COX-2 created a statistically significant risk of cardiovascular effects, including specifically the risk of cerebral vascular event;

(b) there had been insufficient or biased studies regarding the safety and effectiveness of Bextra before it was placed on the market;

(c) Bextra had not been adequately tested to determine whether it caused or contributed to cardiovascular complications such as cerebral vascular events; and/or

(d) studies published in the scientific literature had revealed that COX-2 specific inhibitors caused biological reactions that could cause adverse cardiovascular events, including specifically cerebral vascular events.

4. The misrepresentations and/or active concealment set forth above were committed by PFIZER directly and/or through its agents.

5. PFIZER made these misrepresentations and/or engaged in active concealment of material facts with the intent and purpose that BETTY COOK and similarly situated consumers would rely upon them and therefore purchase and use Bextra.

34

6. At the time PFIZER made these misrepresentations and/or engaged in active concealment, BETTY COOK did not know and had no reason to know that PFIZER's representations regarding its products were untrue, and she believed them to be true.

7. BETTY COOK justifiably relied on and/or was induced by PFIZER's misrepresentations and active concealment and relied upon the absence of adequate warnings concealed or suppressed by PFIZER to her detriment.

8. PFIZER had an ongoing obligation after its product was initially marketed to warn BETTY COOK and the health care community of the risks posed by Bextra in a timely manner.

9. Had BETTY COOK known the information concealed by PFIZER, particularly the risk Bextra posed to her in light of her risk factors for suffering an adverse reaction to the drug, she would not have taken or continued to take Bextra.

10. On and before October 15, 2004, BETTY COOK, took Bextra (valdecoxib) as prescribed and in the manner intended by PFIZER.

11. On October 15, 2004, BETTY COOK underwent CABG surgery. BETTY COOK survived surgery. On the morning of October 16, 2004, she was transferred to the step-down unit entirely intact neurologically. At 3:30 p.m. on October 16, 2004, BETTY COOK suffered a cerebral vascular event.

12. BETTY COOK died on October 19, 2004.

13. As a direct and proximate result PFIZER's misrepresentations and fraud, BETTY COOK died on October 19, 2004.

14. On October 19, 2004, Plaintiff Decedent BETTY COOK left surviving her, heirs and next of kin.

15. As a direct and proximate result of the death of BETTY COOK, her heirs and next of kin have suffered pecuniary loss, loss of society, companionship, support, services, and guidance of BETTY COOK, all of which conditions are permanent.

16. JOSEPH COOK brings this action in his capacity as the Executor of the Estate of BETTY COOK, pursuant to his appointment by the Probate Court of Paulding County, Ohio.

17. PFIZER's actions as alleged above were in flagrant disregard of the safety of persons who might be harmed by the product in question.

WHEREFORE, on the basis of the foregoing, plaintiff, JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, prays judgment against the defendant, PFIZER, individually and by and through its employees and agents, in such an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), as shall be just and proper compensation for the injuries sustained, together with punitive damages to be determined at trial in a sum sufficient to punish

PFIZER and deter it and others from like conduct and costs of suit.

## COUNT XVIII - PFIZER - MISREPRESENTATION AND FRAUD (Survival)

NOW COMES Plaintiff, JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, by and through his attorneys, the Law Offices of James T. Ball, Ltd., and complaining of the defendant PFIZER, states as follows:

1-13. Plaintiff repeats and realleges paragraphs 1 through 13 of Count XVII of this Complaint as paragraphs 1 through 13 of Count XVIII as though fully set forth herein.

14. Prior to her death, Plaintiff's Decedent BETTY COOK suffered injuries of a personal and pecuniary nature, including disability and conscious pain and suffering that were a direct and proximate result of one or more of the aforesaid acts and/or omissions of defendant PFIZER.

15. The cause of action for the conscious pain and suffering sustained by Plaintiff Decedent survives her death.

16. JOSEPH COOK brings this action in his capacity as Executor of the Estate of BETTY COOK, pursuant to his appointment by the Probate Court of Paulding County, Ohio.

17. PFIZER's actions as alleged above were in flagrant disregard of the safety of persons who might be harmed by the product in question.

WHEREFORE, on the basis of the foregoing, plaintiff, JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, prays judgment against the defendant PFIZER, individually and by and through its employees and agents, in such an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), as shall be just and proper compensation for the injuries sustained, together with punitive damages to be determined at trial in a sum sufficient to punish PFIZER and deter it and others from like conduct and costs of suit.

## COUNT XIX - PFIZER - BREACH OF WARRANTY (Wrongful Death)

NOW COMES Plaintiff, JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, by and through his attorneys, the Law Offices of James T. Ball, Ltd., and complaining of the defendant PFIZER, states as follows:

1.    At all times relevant herein, PFIZER, individually and by and through its agents, manufactured, designed, tested, labeled, packaged, distributed, promoted, marketed, advertised and/or sold Bextra (valdecoxib) in the stream of commerce.

2.    PFIZER placed Bextra into the stream of commerce knowing that it would be used in the manner that BETTY COOK and her health care providers used it, and PFIZER expressly and impliedly warranted to BETTY COOK and similarly situated consumers that Bextra was safe for its intended use.

3.    BETTY COOK reasonably relied upon the expertise, skill, judgment and knowledge of PFIZER and upon the express and/or implied warranties provided by PFIZER that Bextra was safe for its intended use when she took Bextra.

4.    PFIZER breached its express and/or implied warranties in that Bextra was not of merchantable quality and safe for its intended use, could not pass without objection in the trade, was unfit for the ordinary purposes for which Bextra was to be used and did not conform to the promises and affirmations of fact made on its container and label, in that Bextra poses an unreasonable risk of cardiovascular complications, including specifically the risk of cerebral vascular events, even when used as intended by PFIZER.

5.    Pursuant to R.C. 1302.65, Plaintiff has given notice to Defendant of such breach.

6.    But for PFIZER's express and/or implied warranties that Bextra was safe for its intended uses, BETTY COOK would not have taken or continued to take Bextra.

7.    On and before October 15, 2004, BETTY COOK, took Bextra (valdecoxib) as prescribed and in the manner intended by PFIZER.

8.    On October 15, 2004, BETTY COOK underwent CABG surgery.   BETTY COOK survived surgery.   On the morning of October 16, 2004, she was transferred to the step-down unit

39

entirely intact neurologically. At 3:30 p.m. on October 16, 2004, BETTY COOK suffered a cerebral vascular event.

9. BETTY COOK died on October 19, 2004.

10. As a direct and proximate result PFIZER's breach of its express and/or implied warranties, BETTY COOK died on October 19, 2004.

11. On October 19, 2004, Plaintiff Decedent BETTY COOK left surviving her, heirs and next of kin.

12. As a direct and proximate result of the death of BETTY COOK, her heirs and next of kin have suffered pecuniary loss, loss of society, companionship, support, services, and guidance of BETTY COOK, all of which conditions are permanent.

13. JOSEPH COOK brings this action in his capacity as the Executor of the Estate of BETTY COOK, pursuant to his appointment by the Probate Court of Paulding County, Ohio.

14. PFIZER's actions as alleged above were in flagrant disregard of the safety of persons who might be harmed by the product in question.

WHEREFORE, on the basis of the foregoing, plaintiff, JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, prays judgment against the defendant PFIZER, individually and by and through its employees and agents, in such an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), as shall be just and proper compensation for the injuries sustained, together with punitive

damages to be determined at trial in a sum sufficient to punish PFIZER and deter it and others from like conduct and costs of suit.

### COUNT XX – PFIZER – BREACH OF WARRANTY (Survival)

NOW COMES Plaintiff, JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, by and through his attorneys, the Law Offices of James T. Ball, Ltd., and complaining of the defendant PFIZER, states as follows:

1-10.  Plaintiff repeats and realleges paragraphs 1 through 10 of Count XIX of this Amended Complaint as paragraphs 1 through 10 of Count XX as though fully set forth herein.

11.  Prior to her death, Plaintiff Decedent BETTY COOK suffered injuries of a personal and pecuniary nature, including disability and conscious pain and suffering that were a direct and proximate result of one or more of the aforesaid acts and/or omissions of defendant PFIZER, INC.

12.  The cause of action for the conscious pain and suffering sustained by Plaintiff Decedent survives her death.

13.  JOSEPH COOK brings this action in his capacity as Executor of the Estate of BETTY COOK, pursuant to his appointment by the Probate Court of Paulding County, Ohio.

14.  PFIZER's actions as alleged above were in flagrant disregard of the safety of persons who might be harmed by the product in question.

WHEREFORE, on the basis of the foregoing, Plaintiff, JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, and prays judgment against the defendant PFIZER, individually and by and through its employees and agents, in such an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), as shall be just and proper compensation for the injuries sustained, together with punitive damages to be determined at trial in a sum sufficient to punish PFIZER and deter it and others from like conduct and costs of suit.

## COUNT XXI - PFIZER - VIOLATION OF THE OHIO CONSUMER SALES PRACTICES ACT (Wrongful Death)

NOW COMES Plaintiff, JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, by and through his attorneys, the Law Offices of James T. Ball, Ltd., and complaining of the defendant PFIZER, states as follows:

1.    At all times relevant herein, PFIZER, individually and by and through its agents, manufactured, designed, tested, labeled, packaged, distributed, promoted, marketed, advertised and/or sold Bextra (valdecoxib) in the stream of commerce for consumption by consumers in the State of Ohio, including BETTY COOK.

2.    In violation of the Ohio Consumer Sales Practices Act Sect. 1345.02(B)(1)&(2), PFIZER wrongfully represented to BETTY COOK and the health care industry that Bextra had performance

42

characteristics, uses and/or benefits that it did not have, and represented that Bextra was of a particular standard, quality, grade, style and/or prescription, when it was not. PFIZER'S representations specifically included, but were not limited to, that Bextra was safe for use by patients such as BETTY COOK when in fact the use of Bextra and/or other NSAIDs that specifically inhibit COX-2 create a statistically significant risk of cardiovascular effects, including specifically the risk of cerebral vascular event.

3.    The violations of the Ohio Consumer Sales Practices Act set forth above were committed by PFIZER directly and/or through its agents.

4.    At the time PFIZER committed these violations, BETTY COOK did not know and had no reason to know that the PFIZER representations regarding its products were untrue and believed them to be true.

6.    BETTY COOK justifiably relied on and/or was induced by PFIZER's misrepresentations to her detriment.

7.    Had BETTY COOK known the information concealed by PFIZER, particularly the risk Bextra posed to her in light of her risk factors for suffering an adverse reaction to the drug, she would not have taken or continued to take Bextra.

43

8.   On and before October 15, 2004, BETTY COOK, took Bextra (valdecoxib) as prescribed and in the manner intended by PFIZER.

9.   On October 15, 2004, BETTY COOK underwent CABG surgery.   BETTY COOK survived surgery.   On the morning of October 16, 2004, she was transferred to the step-down unit entirely intact neurologically.   At 3:30 p.m. on October 16, 2004, BETTY COOK suffered a cerebral vascular event.

10.   BETTY COOK died on October 19, 2004.

11.   As a direct and proximate result of PFIZER's misrepresentations and fraud, BETTY COOK died on October 19, 2004.

12.   On October 19, 2004, Plaintiff Decedent BETTY COOK left surviving her, heirs and next of kin.

13.   As a direct and proximate result of the death of BETTY COOK, her heirs and next of kin have suffered pecuniary loss, loss of society, companionship, support, services, and guidance of BETTY COOK, all of which conditions are permanent.

14.   JOSEPH COOK brings this action in his capacity as the Executor of the Estate of BETTY COOK, pursuant to his appointment by the Probate Court of Paulding County, Ohio.

15.   PFIZER's actions as alleged above were in flagrant disregard of the safety of persons who might be harmed by the product in question.

16.   PFIZER knowingly committed the acts and practices set forth above in violation of Sect. 1345.02.

WHEREFORE, on the basis of the foregoing, plaintiff, JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, prays judgment against the defendant PFIZER, individually and by and through its employees and agents, in such an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), as shall be just and proper compensation for the injuries sustained, together with punitive damages to be determined at trial in a sum sufficient to punish PFIZER and deter it and others from like conduct, reasonable attorneys fees and costs of suit.

## COUNT XXII – PFIZER - VIOLATION OF THE OHIO CONSUMER FRAUD ACT

### (Survival)

NOW COMES Plaintiff, JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, by and through his attorneys, the Law Offices of James T. Ball, Ltd., and complaining of the defendant PFIZER, states as follows:

1-11.   Plaintiff repeats and realleges paragraphs 1 through 11 of Count XXI of this Amended Complaint as paragraphs 1 through 11 of Count XXII as though fully set forth herein.

12. Prior to her death, Plaintiff Decedent BETTY COOK suffered injuries of a personal and pecuniary nature, including disability and conscious pain and suffering that were a direct

45

and proximate result of one or more of the aforesaid acts and/or omissions of defendant PFIZER.

13.  The cause of action for the conscious pain and suffering sustained by Plaintiff Decedent survives her death.

14.  JOSEPH COOK brings this action in his capacity as Executor of the Estate of BETTY COOK, pursuant to his appointment by the Probate Court of Paulding County, Ohio.

15.  PFIZER knowingly committed the acts and practices set forth above in violation of Sect. 1345.02.

16.  PFIZER's actions as alleged above were in flagrant disregard of the safety of persons who might be harmed by the product in question.

WHEREFORE, on the basis of the foregoing, plaintiff, JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, prays judgment against the defendant, PFIZER, individually and by and through its employees and agents, in such an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), as shall be just and proper compensation for the injuries sustained, together with punitive damages to be determined at trial in a sum sufficient to punish PFIZER and deter it and others from like conduct, reasonable attorneys fees and costs of suit.

COUNT XXIII- AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG

CORPORATION - NEGLIGENCE (Wrongful Death)

NOW COMES Plaintiff, JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, by and through his attorneys, the Law Offices of James T. Ball, Ltd., and complaining of the defendant AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION, states as follows:

1.   At all times relevant herein, AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION, individually and by and through its agents, manufactured, designed, tested, labeled, packaged, distributed, promoted, marketed, advertised and/or sold Bextra (valdecoxib) in the stream of commerce.

2.   At all times relevant herein, AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION had a duty to Plaintiff Decedent to exercise due care in the manufacture, design, testing, labeling, packaging, distribution, promotion, marketing, advertisement, sampling and/or sale of Bextra (valdecoxib).

3.   AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION breached its duty to exercise due care and was negligent in its actions and representations toward Plaintiff Decedent in, but not limited to, the following ways:

a. failed to adequately test Bextra before and after placing it on the market;

47

b. failed to conduct sufficient testing of Bextra, which
if performed would have shown that Bextra created an
unacceptable risk of cerebral vascular events in
patients undergoing coronary artery bypass grafting
("CABG") procedures, and otherwise created an
unacceptable risk of heart attack and stroke;

c. failed to adequately warn Plaintiff Decedent and her
health care providers of the risks of cardiovascular
events, including specifically cerebral vascular
events in connection with CABG procedures;

d. failed to provide adequate information or warnings
with Bextra that would alert Plaintiff Decedent and
her health care providers that they should not use
Bextra until other alternatives had been tried,
particularly where, as in Plaintiff Decedent's case,
the patient was at significant risk of developing
cardiovascular problems;

e. failed to provide adequate post-marketing warnings or
instructions after AMERISOURCEBERGEN AND/OR
AMERISOURCEBERGEN DRUG CORPORATION knew of should have
known of the significant risks of personal injury and
death posed by its product, particularly in patients
at significant risk of developing cardiovascular
problems;

48

f. failed to adequately warn Plaintiff Decedent and her health care providers that Bextra should not be used by patients with risk factors for responding adversely to Bextra, including a family history of heart disease or other risk factors for heart disease;

g. failed to adequately warn Plaintiff that she was undertaking the risk of adverse events and death, including but not limited to death as the result of a cerebral vascular event; and/or

h. failed to adequately and timely inform health care providers of the risks posed to patients using Bextra.

4.    AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION knew or should have known that Bextra caused an unreasonable risk of personal injury or death, including specifically the risk of cerebral vascular events in patients undergoing CABG procedure, to those patients who took it and otherwise created an unacceptable risk of heart attack and stroke. AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION nevertheless marketed, sold and distributed Bextra knowing that safer treatment methods and products were available.

5.    On and before October 15, 2004, BETTY COOK, took Bextra (valdecoxib) as prescribed and in the manner intended by AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION.

6.   On October 15, 2004, BETTY COOK underwent CABG surgery.   BETTY COOK survived surgery.   On the morning of October 16, 2004, she was transferred to the step-down unit entirely intact neurologically.   At 3:30 p.m. on October 16, 2004, BETTY COOK suffered a cerebral vascular event.

7.   BETTY COOK died on October 19, 2004.

8.   BETTY COOK'S death on October 19, 2004, was a direct result of the aforementioned acts and/or omissions of AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION.

9.   On October 19, 2004, Plaintiff Decedent BETTY COOK left surviving her, heirs and next of kin.

10.   As a direct and proximate result of the death of BETTY COOK, her heirs and next of kin have suffered pecuniary loss, loss of society, companionship, support, services, and guidance of BETTY COOK, all of which conditions are permanent.

11.   JOSEPH COOK brings this action in his capacity as the Executor of the Estate of BETTY COOK, pursuant to his appointment by the Probate Court of Paulding County, Ohio.

12.   AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION's actions as alleged above were in flagrant disregard of the safety of persons who might be harmed by the product in question.

WHEREFORE, on the basis of the foregoing, plaintiff, JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, prays

judgment against the defendant AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION, individually and by and through its employees and agents, in such an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), as shall be just and proper compensation for the injuries sustained, together with punitive damages to be determined at trial in a sum sufficient to punish AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION and deter it and others from like conduct and costs of suit.

<u>COUNT XXIV – AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG</u>

<u>CORPORATION – NEGLIGENCE</u>

NOW COMES Plaintiff, JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, by and through his attorneys, the Law Offices of James T. Ball, Ltd., and complaining of the defendant AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION, states as follows:

1-8.  Plaintiff repeats and realleges paragraphs 1 through 8 of Count XXIII of this Complaint as paragraphs 1 through 8 of Count XXIV as though fully set forth herein.

9.  Prior to her death, Plaintiff Decedent BETTY COOK suffered injuries of a personal and pecuniary nature, including disability and conscious pain and suffering that were a direct and proximate result of one or more of the aforesaid acts and/or omissions of defendant AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION.

51

10. The cause of action for the conscious pain and suffering sustained by Plaintiff Decedent survives her death.

11. JOSEPH COOK brings this action in his capacity as Executor of the Estate of BETTY COOK, pursuant to his appointment by the Probate Court of Paulding County, Ohio.

12. AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION's actions as alleged above were in flagrant disregard of the safety of persons who might be harmed by the product in question.

WHEREFORE, on the basis of the foregoing, plaintiff, JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, prays judgment against the defendant AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION, individually and by and through its employees and agents, in such an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), as shall be just and proper compensation for the injuries sustained, together with punitive damages to be determined at trial in a sum sufficient to punish AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION and deter it and others from like conduct and costs of suit.

COUNT XXV- AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION - STRICT LIABILITY (Failure to Warn) (Wrongful Death)

NOW COMES Plaintiff, JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, by and through his attorneys, the Law

Offices of James T. Ball, Ltd., and complaining of the defendant AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION, states as follows:

1.   At all times relevant herein, AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION, individually and by and through its agents, manufactured, designed, tested, labeled, packaged, distributed, promoted, marketed, advertised and/or sold Bextra (valdecoxib) in the stream of commerce.

2.   AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION failed to provide the warning or instruction regarding the potential side effects of Bextra, particularly of the risks posed to patients of cardiovascular events, including cerebral vascular events that a business in the position of AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION exercising reasonable care would have provided concerning those risks.

3.   AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION failed to conduct sufficient testing that would have revealed the serious potential harm posed by the use of Bextra, which would have called for said warnings.

4.   AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION, the manufacturer and supplier of Bextra, failed to provide adequate warnings and instructions because, after it knew or should have known of the serious risks posed by Bextra

53

it failed to provide adequate warning of those risks even as it continued to aggressively market Bextra.

5. On and before October 15, 2004, BETTY COOK, took Bextra (valdecoxib) as prescribed and in the manner intended by AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION.

6. On October 15, 2004, BETTY COOK underwent CABG surgery. BETTY COOK survived surgery. On the morning of October 16, 2004, she was transferred to the step-down unit entirely intact neurologically. At 3:30 p.m. on October 16, 2004, BETTY COOK suffered a cerebral vascular event. BETTY COOK died on October 19, 2004.

7. Had BETTY COOK received adequate warnings of the risks posed by Bextra, particularly in light of her risk factors for suffering an adverse reaction to the drug, she would not have taken or continued to take Bextra.

8. As a direct and proximate result of the defective condition and inadequate warnings regarding Bextra, BETTY COOK died on October 19, 2004.

9. On October 19, 2004, Plaintiff Decedent BETTY COOK left surviving her, heirs and next of kin.

10. As a direct and proximate result of the death of BETTY COOK, her heirs and next of kin have suffered pecuniary loss, loss of society, companionship, support, services, and guidance of BETTY COOK, all of which conditions are permanent.

54

11.  JOSEPH COOK brings this action in his capacity as the Executor of the Estate of BETTY COOK, pursuant to his appointment by the Probate Court of Paulding County, Ohio.

12.  AMERISOURCEBERGEN  AND/OR  AMERISOURCEBERGEN  DRUG CORPORATION's  actions  as  alleged  above  were  in  flagrant disregard of the safety of persons who might be harmed by the product in question.

WHEREFORE, on the basis of the foregoing, plaintiff, JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, prays judgment  against  the  defendant  AMERISOURCEBERGEN  AND/OR AMERISOURCEBERGEN  DRUG  CORPORATION,  individually  and  by  and through its employees and agents, in such an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), as shall be just and proper compensation for the injuries sustained, together with punitive damages to be determined at trial in a sum sufficient to punish AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION and deter it and others from like conduct and costs of suit.

<u>COUNT XXVI- AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG</u>

<u>CORPORATION - STRICT LIABILITY (Failure to Warn)(Survival)</u>

NOW COMES Plaintiff, JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, by and through his attorneys, the Law Offices of James T. Ball, Ltd., and complaining of the defendant AMERISOURCEBERGEN  AND/OR  AMERISOURCEBERGEN  DRUG  CORPORATION, states as follows:

1-8. Plaintiff repeats and realleges paragraphs 1 through 8 of Count XXV of this Complaint as paragraphs 1 through 8 of Count XXVI as though fully set forth herein.

9. Prior to her death, Plaintiff's Decedent BETTY COOK suffered injuries of a personal and pecuniary nature, including disability and conscious pain and suffering that were a direct and proximate result of one or more of the aforesaid acts and/or omissions of defendant AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION, INC.

10. The cause of action for the conscious pain and suffering sustained by Plaintiff Decedent survives her death.

11. JOSEPH COOK brings this action in his capacity as Executor of the Estate of BETTY COOK, pursuant to his appointment by the Probate Court of Paulding County, Ohio.

12. AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION's actions as alleged above were in flagrant disregard of the safety of persons who might be harmed by the product in question.

WHEREFORE, on the basis of the foregoing, plaintiff, JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, prays judgment against the defendant AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION, individually and by and through its employees and agents, in such an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), as shall be just and proper

compensation for the injuries sustained, together with punitive damages to be determined at trial in a sum sufficient to punish AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION and deter it and others from like conduct and costs of suit.

COUNT XXVII - AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION - STRICT LIABILITY (Design Defect)(Wrongful Death)

NOW COMES Plaintiff, JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, by and through his attorneys, the Law Offices of James T. Ball, Ltd., and complaining of the defendant AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION, states as follows:

1.    At all times relevant herein, AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION was engaged in the business of manufacturing, distributing, selling and/or prescribing pharmaceutical medications, including Bextra, which reach the consumer without substantial change in the condition in which they leave AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION's control.

2.    Plaintiff Decedent took Bextra, a medication that was manufactured, distributed, sold, prescribed and/or otherwise put into the stream of commerce by Defendant AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION.    Bextra was defectively designed in that it was unreasonably dangerous to its users and was in this defective condition when it left

AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION's control.

3. BETTY COOK was unaware of the significant defects of Bextra, including specifically, but not limited, the unreasonable risk of cardiovascular complications posed by its consumption. Bextra, a pain relief medication, which was marketed as a safe alternative to traditional NSAID's on the basis that Bextra posed a smaller risk of gastrointestinal side effects than traditional NSAID's, was unreasonably dangerous, in that it posed a greater danger of cardiovascular events, including potentially death, than would be reasonably contemplated by the ordinary user, even when used in the manner in which it was intended.

4. Bextra was defectively designed because the foreseeable risks associated with Bextra exceeded the benefits associated with its design or formulation, and at the time Bextra left the control of AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION practical and technically feasible alternative drug formulations were available to treat BETTY COOK'S symptoms.

5. Bextra is also defective in that it was inadequately tested and studied, and the results of what tests and studies that were performed were inadequately reported to potential patients and health care providers.

58

6.    AMERISOURCEBERGEN    AND/OR    AMERISOURCEBERGEN    DRUG CORPORATION designed, manufactured and/or placed Bextra into the stream of commerce in the same or substantially the same condition in which it was purchased by BETTY COOK.

7.    On and before October 15, 2004, BETTY COOK, took Bextra (valdecoxib) as prescribed and in the manner intended by AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION.

8.    On October 15, 2004, BETTY COOK underwent CABG surgery.    BETTY COOK survived surgery.    On the morning of October 16, 2004, she was transferred to the step-down unit entirely intact neurologically.    At 3:30 p.m. on October 16, 2004, BETTY COOK suffered a cerebral vascular event.

9.    BETTY COOK died on October 19, 2004.

10.    AMERISOURCEBERGEN    AND/OR    AMERISOURCEBERGEN    DRUG CORPORATION is strictly liable to Plaintiff for designing, manufacturing, and placing into the stream of commerce the product, Bextra, which was unreasonably dangerous for its reasonably foreseeable uses at the time it left the control of AMERISOURCEBERGEN    AND/OR    AMERISOURCEBERGEN    DRUG    CORPORATION because those design defects were a proximate cause of BETTY COOK's death.

11.    AMERISOURCEBERGEN    AND/OR    AMERISOURCEBERGEN    DRUG CORPORATION is likewise strictly liable for defectively marketing Bextra in that it failed to warn, adequately warn, or

instruct in the safe use of the product and such defective marketing was a proximate cause of BETTY COOK's death.

12. AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION knew, or in the exercise of ordinary care should have known, that Bextra was defective and unreasonably dangerous to those persons likely to use Bextra for the purpose and in the manner for which it was intended to be used.

13. As a direct and proximate result of the foregoing acts and omissions on the part of AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION, BETTY COOK died on October 19, 2004.

14. On October 19, 2004, Plaintiff Decedent BETTY COOK left surviving her, heirs and next of kin.

15. As a direct and proximate result of the death of BETTY COOK, her heirs and next of kin have suffered pecuniary loss, loss of society, companionship, support, services, and guidance of BETTY COOK, all of which conditions are permanent.

16. JOSEPH COOK brings this action in his capacity as the Executor of the Estate of BETTY COOK, pursuant to his appointment by the Probate Court of Paulding County, Ohio.

17. AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION's actions as alleged above were in flagrant disregard of the safety of persons who might be harmed by the product in question.

60

WHEREFORE, on the basis of the foregoing, plaintiff, JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, prays judgment against the defendant AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION, individually and by and through its employees and agents, in such an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), as shall be just and proper compensation for the injuries sustained, together with punitive damages to be determined at trial in a sum sufficient to punish AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION and deter it and others from like conduct and costs of suit.

COUNT XXVIII- AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION - STRICT LIABILITY (Design Defect)(Survival)

NOW COMES Plaintiff, JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, by and through his attorneys, the Law Offices of James T. Ball, Ltd., and complaining of the defendant AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION, states as follows:

1-13.  Plaintiff repeats and realleges paragraphs 1 through 13 of Count XXVII of this Amended Complaint as paragraphs 1 through 13 of Count XXVIII as though fully set forth herein.

14.  Prior to her death, Plaintiff Decedent BETTY COOK suffered injuries of a personal and pecuniary nature, including disability and conscious pain and suffering that were a direct and proximate result of one or more of the aforesaid acts and/or

61

omissions of defendant AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION.

15. The cause of action for the conscious pain and suffering sustained by Plaintiff Decedent survives her death.

16. JOSEPH COOK brings this action in his capacity as Executor of the Estate of BETTY COOK, pursuant to his appointment by the Probate Court of Paulding County, Ohio.

17. AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION's actions as alleged above were in flagrant disregard of the safety of persons who might be harmed by the product in question.

WHEREFORE, on the basis of the foregoing, plaintiff, JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, prays judgment against the defendant AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION, individually and by and through its employees and agents, in such an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), as shall be just and proper compensation for the injuries sustained, together with punitive damages to be determined at trial in a sum sufficient to punish AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION and deter it and others from like conduct and costs of suit.

<u>COUNT XXIX – AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG</u>

<u>CORPORATION – MISREPRESENTATION AND FRAUD (Wrongful Death)</u>

NOW COMES Plaintiff, JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, by and through his attorneys, the Law Offices of James T. Ball, Ltd., and complaining of the defendant AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION, states as follows:

1.    At all times relevant herein, AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION, individually and by and through its agents, manufactured, designed, tested, labeled, packaged, distributed, promoted, marketed, advertised and/or sold Bextra (valdecoxib) in the stream of commerce.

2.    AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION misrepresented to BETTY COOK and the health care industry the safety and effectiveness of Bextra and/or fraudulently, intentionally and/or negligently concealed material information, including adverse information regarding the safety and effectiveness of Bextra.

3.    AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION made misrepresentations and actively concealed adverse information at a time when AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION knew, or should have known, that Bextra had defects, dangers, and characteristics that were different than what AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN

63

DRUG CORPORATION represented to BETTY COOK and the health care industry. AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION'S misrepresentations and/or active concealment from BETTY COOK, the health care industry and consumers includes, but is not limited, to:

a. that Bextra was safe for use by patients such as BETTY COOK when in fact the use of Bextra and/or other NSAIDs that specifically inhibited COX-2 created a statistically significant risk of cardiovascular effects, including specifically the risk of cerebral vascular event;

b. there had been insufficient or biased studies regarding the safety and effectiveness of Bextra before it was placed on the market;

c. Bextra had not been adequately tested to determine whether it caused or contributed to cardiovascular complications such as cerebral vascular events; and/or

d. studies published in the scientific literature had revealed that COX-2 specific inhibitors caused biological reactions that could cause adverse cardiovascular events, including specifically cerebral vascular events.

4.    The misrepresentations and/or active concealment set forth above were committed by AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION directly and/or through its agents.

5.    AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION made these misrepresentations and/or engaged in active concealment of material facts with the intent and purpose that BETTY COOK and similarly situated consumers would rely upon them and therefore purchase and use Bextra.

6.    At the time AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION made these misrepresentations and/or engaged in active concealment, BETTY COOK did not know and had no reason to know that AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION's representations regarding its products were untrue, and she believed them to be true.

7.    BETTY COOK justifiably relied on and/or was induced by AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION's misrepresentations and active concealment and relied upon the absence of adequate warnings concealed or suppressed by AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION to her detriment.

8.    AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION had an ongoing obligation after its product was

initially marketed to warn BETTY COOK and the health care community of the risks posed by Bextra in a timely manner.

9. Had BETTY COOK known the information concealed by AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION, particularly the risk Bextra posed to her in light of her risk factors for suffering an adverse reaction to the drug, she would not have taken or continued to take Bextra.

10. On and before October 15, 2004, BETTY COOK, took Bextra (valdecoxib) as prescribed and in the manner intended by AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION.

11. On October 15, 2004, BETTY COOK underwent CABG surgery. BETTY COOK survived surgery. On the morning of October 16, 2004, she was transferred to the step-down unit entirely intact neurologically. At 3:30 p.m. on October 16, 2004, BETTY COOK suffered a cerebral vascular event.

12. BETTY COOK died on October 19, 2004.

13. As a direct and proximate result AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION's misrepresentations and fraud, BETTY COOK died on October 19, 2004.

14. On October 19, 2004, Plaintiff Decedent BETTY COOK left surviving her, heirs and next of kin.

15. As a direct and proximate result of the death of BETTY COOK, her heirs and next of kin have suffered pecuniary loss,

loss of society, companionship, support, services, and guidance of BETTY COOK, all of which conditions are permanent.

16. JOSEPH COOK brings this action in his capacity as the Executor of the Estate of BETTY COOK, pursuant to his appointment by the Probate Court of Paulding County, Ohio.

17. AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION's actions as alleged above were in flagrant disregard of the safety of persons who might be harmed by the product in question.

WHEREFORE, on the basis of the foregoing, plaintiff, JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, prays judgment against the defendant, AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION, individually and by and through its employees and agents, in such an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), as shall be just and proper compensation for the injuries sustained, together with punitive damages to be determined at trial in a sum sufficient to punish AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION and deter it and others from like conduct and costs of suit.

COUNT XXX - AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG

CORPORATION - MISREPRESENTATION AND FRAUD (Survival)

NOW COMES Plaintiff, JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, by and through his attorneys, the Law Offices of James T. Ball, Ltd., and complaining of the defendant

AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION, states as follows:

1-13. Plaintiff repeats and realleges paragraphs 1 through 13 of Count XXIX of this Complaint as paragraphs 1 through 11 of Count XXX as though fully set forth herein.

14. Prior to her death, Plaintiff's Decedent BETTY COOK suffered injuries of a personal and pecuniary nature, including disability and conscious pain and suffering that were a direct and proximate result of one or more of the aforesaid acts and/or omissions of defendant AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION.

15. The cause of action for the conscious pain and suffering sustained by Plaintiff Decedent survives her death.

16. JOSEPH COOK brings this action in his capacity as Executor of the Estate of BETTY COOK, pursuant to his appointment by the Probate Court of Paulding County, Ohio.

17. AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION's actions as alleged above were in flagrant disregard of the safety of persons who might be harmed by the product in question.

WHEREFORE, on the basis of the foregoing, plaintiff, JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, prays judgment against the defendant AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION, individually and by and

68

through its employees and agents, in such an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), as shall be just and proper compensation for the injuries sustained, together with punitive damages to be determined at trial in a sum sufficient to punish AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION and deter it and others from like conduct and costs of suit.

### COUNT XXXI - AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION - BREACH OF WARRANTY (Wrongful Death)

NOW COMES Plaintiff, JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, by and through his attorneys, the Law Offices of James T. Ball, Ltd., and complaining of the defendant AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION, states as follows:

1.   At all times relevant herein, AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION, individually and by and through its agents, manufactured, designed, tested, labeled, packaged, distributed, promoted, marketed, advertised and/or sold Bextra (valdecoxib) in the stream of commerce.

2.   AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION placed Bextra into the stream of commerce knowing that it would be used in the manner that BETTY COOK and her health care providers used it, and AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION expressly and impliedly

69

warranted to BETTY COOK and similarly situated consumers that Bextra was safe for its intended use.

3.    BETTY COOK reasonably relied upon the expertise, skill, judgment and knowledge of AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION and upon the express and/or implied warranties provided by AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION that Bextra was safe for its intended use when she took Bextra.

4.    AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION breached its express and/or implied warranties in that Bextra was not of merchantable quality and safe for its intended use, could not pass without objection in the trade, was unfit for the ordinary purposes for which Bextra was to be used and did not conform to the promises and affirmations of fact made on its container and label, in that Bextra poses an unreasonable risk of cardiovascular complications, including specifically the risk of cerebral vascular events, even when used as intended by AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION.

5.    Pursuant to R.C. 1302.65, Plaintiff has given notice to Defendant of such breach.

6.    But for AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION's express and/or implied warranties that Bextra

70

was safe for its intended uses, BETTY COOK would not have taken or continued to take Bextra.

7.  On and before October 15, 2004, BETTY COOK, took Bextra (valdecoxib) as prescribed and in the manner intended by AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION.

8.  On October 15, 2004, BETTY COOK underwent CABG surgery.  BETTY COOK survived surgery.  On the morning of October 16, 2004, she was transferred to the step-down unit entirely intact neurologically.  At 3:30 p.m. on October 16, 2004, BETTY COOK suffered a cerebral vascular event.

9.  BETTY COOK died on October 19, 2004.

10.  As a direct and proximate result AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION's breach of its express and/or implied warranties, BETTY COOK died on October 19, 2004.

11.  On October 19, 2004, Plaintiff Decedent BETTY COOK left surviving her, heirs and next of kin.

12.  As a direct and proximate result of the death of BETTY COOK, her heirs and next of kin have suffered pecuniary loss, loss of society, companionship, support, services, and guidance of BETTY COOK, all of which conditions are permanent.

13.  JOSEPH COOK brings this action in his capacity as the Executor of the Estate of BETTY COOK, pursuant to his appointment by the Probate Court of Paulding County, Ohio.

14. AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION's actions as alleged above were in flagrant disregard of the safety of persons who might be harmed by the product in question.

WHEREFORE, on the basis of the foregoing, plaintiff, JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, prays judgment against the defendant AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION, individually and by and through its employees and agents, in such an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), as shall be just and proper compensation for the injuries sustained, together with punitive damages to be determined at trial in a sum sufficient to punish AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION and deter it and others from like conduct and costs of suit.

COUNT XXXII - AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG

CORPORATION - BREACH OF WARRANTY (Survival)

NOW COMES Plaintiff, JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, by and through his attorneys, the Law Offices of James T. Ball, Ltd., and complaining of the defendant AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION, states as follows:

1-10. Plaintiff repeats and realleges paragraphs 1 through 10 of Count XXXI of this Amended Complaint as paragraphs 1 through 10 of Count XXXII as though fully set forth herein.

11. Prior to her death, Plaintiff Decedent BETTY COOK suffered injuries of a personal and pecuniary nature, including disability and conscious pain and suffering that were a direct and proximate result of one or more of the aforesaid acts and/or omissions of defendant AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION, INC.

12. The cause of action for the conscious pain and suffering sustained by Plaintiff Decedent survives her death.

13. JOSEPH COOK brings this action in his capacity as Executor of the Estate of BETTY COOK, pursuant to his appointment by the Probate Court of Paulding County, Ohio.

14. AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION's actions as alleged above were in flagrant disregard of the safety of persons who might be harmed by the product in question.

WHEREFORE, on the basis of the foregoing, Plaintiff, JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, and prays judgment against the defendant AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION, individually and by and through its employees and agents, in such an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), as shall be just and proper compensation for the injuries sustained, together with punitive damages to be determined at trial in a sum sufficient to punish

73

AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION and deter it and others from like conduct and costs of suit.

COUNT XXXIII – AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION – VIOLATION OF THE OHIO CONSUMER SALES PRACTICES ACT (Wrongful Death)

NOW COMES Plaintiff, JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, by and through his attorneys, the Law Offices of James T. Ball, Ltd., and complaining of the defendant AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION, states as follows:

1.   At all times relevant herein, AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION, individually and by and through its agents, manufactured, designed, tested, labeled, packaged, distributed, promoted, marketed, advertised and/or sold Bextra (valdecoxib) in the stream of commerce for consumption by consumers in the State of Ohio, including BETTY COOK.

2.   In violation of the Ohio Consumer Sales Practices Act Sect.     1345.02(B)(1)&(2),     AMERISOURCEBERGEN     AND/OR AMERISOURCEBERGEN DRUG CORPORATION wrongfully represented to BETTY COOK and the health care industry that Bextra had performance characteristics, uses and/or benefits that it did not have, and represented that Bextra was of a particular standard, quality, grade, style and/or prescription, when it was

74

not.    AMERISOURCEBERGEN    AND/OR    AMERISOURCEBERGEN    DRUG
CORPORATION'S representations specifically included, but were
not limited to, that Bextra was safe for use by patients such as
BETTY COOK when in fact the use of Bextra and/or other NSAIDs
that    specifically    inhibit    COX-2    create    a    statistically
significant    risk    of    cardiovascular    effects,    including
specifically the risk of cerebral vascular event.

3.    The violations of the Ohio Consumer Sales Practices
Act set forth above were committed by AMERISOURCEBERGEN AND/OR
AMERISOURCEBERGEN DRUG CORPORATION directly and/or through its
agents.

4.    At the time AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN
DRUG CORPORATION committed these violations, BETTY COOK did not
know and had no reason to know that the AMERISOURCEBERGEN AND/OR
AMERISOURCEBERGEN DRUG CORPORATION representations regarding its
products were untrue and believed them to be true.

6.    BETTY COOK justifiably relied on and/or was induced by
AMERISOURCEBERGEN    AND/OR    AMERISOURCEBERGEN    DRUG    CORPORATION's
misrepresentations to her detriment.

7.    Had BETTY COOK known the information concealed by
AMERISOURCEBERGEN    AND/OR    AMERISOURCEBERGEN    DRUG    CORPORATION,
particularly the risk Bextra posed to her in light of her risk
factors for suffering an adverse reaction to the drug, she would
not have taken or continued to take Bextra.

8.   On and before October 15, 2004, BETTY COOK, took Bextra (valdecoxib) as prescribed and in the manner intended by AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION.

9.   On October 15, 2004, BETTY COOK underwent CABG surgery.   BETTY COOK survived surgery.   On the morning of October 16, 2004, she was transferred to the step-down unit entirely intact neurologically.   At 3:30 p.m. on October 16, 2004, BETTY COOK suffered a cerebral vascular event.

10.   BETTY COOK died on October 19, 2004.

11.   As a direct and proximate result of AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION's misrepresentations and fraud, BETTY COOK died on October 19, 2004.

12.   On October 19, 2004, Plaintiff Decedent BETTY COOK left surviving her, heirs and next of kin.

13.   As a direct and proximate result of the death of BETTY COOK, her heirs and next of kin have suffered pecuniary loss, loss of society, companionship, support, services, and guidance of BETTY COOK, all of which conditions are permanent.

14.   JOSEPH COOK brings this action in his capacity as the Executor of the Estate of BETTY COOK, pursuant to his appointment by the Probate Court of Paulding County, Ohio.

15.   AMERISOURCEBERGEN   AND/OR   AMERISOURCEBERGEN   DRUG CORPORATION's actions as alleged above were in flagrant

disregard of the safety of persons who might be harmed by the product in question.

16. AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION knowingly committed the acts and practices set forth above in violation of Sect. 1345.02.

WHEREFORE, on the basis of the foregoing, plaintiff, JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, prays judgment against the defendant AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION, individually and by and through its employees and agents, in such an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), as shall be just and proper compensation for the injuries sustained, together with punitive damages to be determined at trial in a sum sufficient to punish AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION and deter it and others from like conduct, reasonable attorneys fees and costs of suit.

COUNT XXXIV - AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION - VIOLATION OF THE OHIO CONSUMER FRAUD ACT

(Survival)

NOW COMES Plaintiff, JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, by and through his attorneys, the Law Offices of James T. Ball, Ltd., and complaining of the defendant AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION, states as follows:

1-11.  Plaintiff repeats and realleges paragraphs 1 through 11 of Count XXXIII of this Amended Complaint as paragraphs 1 through 11 of Count XXXIV as though fully set forth herein.

12.  Prior to her death, Plaintiff Decedent BETTY COOK suffered injuries of a personal and pecuniary nature, including disability and conscious pain and suffering that were a direct and proximate result of one or more of the aforesaid acts and/or omissions of defendant AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION.

13.  The cause of action for the conscious pain and suffering sustained by Plaintiff Decedent survives her death.

14.  JOSEPH COOK brings this action in his capacity as Executor of the Estate of BETTY COOK, pursuant to his appointment by the Probate Court of Paulding County, Ohio.

15.  AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION knowingly committed the acts and practices set forth above in violation of Sect. 1345.02.

16.  AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION's actions as alleged above were in flagrant disregard of the safety of persons who might be harmed by the product in question.

WHEREFORE, on the basis of the foregoing, plaintiff, JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, prays judgment against the defendant, AMERISOURCEBERGEN AND/OR

AMERISOURCEBERGEN DRUG CORPORATION, individually and by and through its employees and agents, in such an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00), as shall be just and proper compensation for the injuries sustained, together with punitive damages to be determined at trial in a sum sufficient to punish AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION and deter it and others from like conduct, reasonable attorneys fees and costs of suit.

COUNT XXXV - THE ESTATE OF MARK TEETS, M.D. - WRONGFUL DEATH

NOW COMES Plaintiff, JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, by and through his attorneys, the Law Offices of James T. Ball, Ltd., and complaining of the defendant THE ESTATE OF MARK TEETS, M.D. ("DR. MARK TEETS"), states as follows:

1. At all times relevant herein, the defendant DR. MARK TEETS, was a physician duly licensed in the practice of his profession, in the State of Ohio.

2. On information and belief, at all times relevant herein, DR. MARK TEETS, was a resident of the State of Ohio.

3. Beginning on or before January 29, 2003, and continuing until in or before May, 2003, DR. MARK TEETS, acting in his capacity as a physician, rendered care to BETTY COOK.

4.   At all times relevant herein DR. MARK TEETS, had a duty to care for BETTY COOK according to the prevailing and accepted standards of care in his specialty.

5.   DR. MARK TEETS was then and there careless and negligent in, but not limited to, the following respects: prescribing and maintaining BETTY COOK on Bextra (Valdecoxib) when DR. MARK TEETS knew or should have known that prescribing Bextra for BETTY COOK created an unreasonable risk of heart attack or stroke.

6.   On October 15, 2004, BETTY COOK underwent CABG surgery.   BETTY COOK survived surgery.   On the morning of October 16, 2004, she was transferred to the step-down unit entirely intact neurologically.   At 3:30 p.m. on October 16, 2004, BETTY COOK suffered a cerebral vascular event.

7.   BETTY COOK died on October 19, 2004.

8.   BETTY COOK's death on October 19, 2004, was a direct result of the aforementioned acts and/or omissions.

9.   On October 19, 2004, Plaintiff Decedent BETTY COOK left surviving her, heirs and next of kin.

10.  As a direct and proximate result of the death of BETTY COOK, her heirs and next of kin have suffered pecuniary loss, loss of society, companionship, support, services, and guidance of BETTY COOK, all of which conditions are permanent.

80

11.  JOSEPH COOK brings this action in his capacity as Executor of the Estate of BETTY COOK, pursuant to his appointment by the Probate Court of Paulding County, Ohio.

WHEREFORE, Plaintiff, JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, prays judgment against defendant THE ESTATE OF MARK TEETS, M.D., in such an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) as shall be just and proper compensation for the injuries sustained, plus costs.

<u>COUNT XXXVI - THE ESTATE OF MARK TEETS, M.D.- SURVIVAL</u>

NOW COMES Plaintiff, JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, by and through his attorneys, the Law Offices of James T. Ball, Ltd., and complaining of the defendant THE ESTATE OF MARK TEETS, M.D. ("DR. MARK TEETS"), states as follows:

1-8.  Plaintiff repeats and realleges paragraphs 1 through 8 of Count XXXV of this Amended Complaint as paragraphs 1 through 8 of Count XXXVI as though fully set forth herein.

9.  Prior to her death, Plaintiff Decedent BETTY COOK suffered injuries of a personal and pecuniary nature, including disability and conscious pain and suffering that were a direct and proximate result of one or more of the aforesaid acts and/or omissions of defendant DR. MARK TEETS.

10.  The cause of action for the conscious pain and suffering sustained by Plaintiff Decedent survives her death.

81

11.   JOSEPH COOK brings this action in his capacity as Executor of the Estate of BETTY COOK, pursuant to his appointment by the Probate Court of Paulding County, Ohio.

WHEREFORE, Plaintiff, JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, prays judgment against defendant THE ESTATE OF MARK TEETS, in such an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00) as shall be just and proper compensation for the injuries sustained, plus costs.

Respectfully Submitted,

JOSEPH COOK, as Executor of the
Estate of BETTY COOK, Deceased,

By:   Counsel for the Plaintiff

James T. Ball
Ohio Reg. No. 0039961
Law Offices of James T. Ball, Ltd.
120 South LaSalle Street
Suite 1500
Chicago, Illinois  60603
312.609.4900
312.609.4901 (facsimile)


Steve Serraino
Reg. No. 0005193
2046 Carriage Hill Drive
Toledo, Ohio 43606-2539
419.262.9898

82