# EXHIBIT

# H

```
                                           FILED
                                      LUCAS COUNTY

                                   2005 MAY 27  P 12: 25
IN THE COURT OF COMMON PLEAS       COMMON PLEAS COURT
       LUCAS COUNTY, OHIO               BERNIE QUILTER
                                        CLERK OF COURTS
```

JOSEPH COOK, as Executor of the  )  CASE NO. CI0200502452
Estate of BETTY COOK,  )
Deceased,  )  JUDGE DONEGHY
  )
      Plaintiff,  )
  )
  )  **DEFENDANT PFIZER INC.'S ANSWER**
  v.  )  **TO COMPLAINT**
  )
ST. VINCENT MERCY MEDICAL CENTER, et)
al.,  )
  )  **(JURY DEMAND ENDORSED HEREIN)**
      Defendants.  )
  )
  )
  )
  )

Defendant, Pfizer Inc. (hereinafter "Defendant" or "Pfizer", incorrectly named in Plaintiff's Complaint as "Pfizer, Inc."), for its Answer to the Complaint of Plaintiff states as follows:

## COUNT I

## ST. VINCENT MERCY MEDICAL CENTER - WRONGFUL DEATH

1.    Defendant denies for want of knowledge the allegations contained in paragraph 1 of Count I of Plaintiff's Complaint.

2.    Defendant denies for want of knowledge the allegations contained in paragraph 2 of Count I of Plaintiff's Complaint.

3.    Defendant states that Bextra® (valdecoxib) at all times relevant had appropriate information in its FDA approved label. Defendant denies for want of knowledge the remaining allegations contained in paragraph 3 of Count I of Plaintiff's Complaint.

4.     Defendant denies for want of knowledge the allegations contained in paragraph 4 of Count I of Plaintiff's Complaint.

5.     Defendant denies for want of knowledge the allegations contained in paragraph 5 of Count I of Plaintiff's Complaint.

6.     Defendant denies for want of knowledge the allegations contained in paragraph 6 of Count I of Plaintiff's Complaint.

7.     Paragraph 7 of Count I of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraph 7 of Count I of Plaintiff's Complaint.

8.     Defendant denies for want of knowledge the allegations contained in paragraph 8 of Count I of Plaintiff's Complaint.

9.     Paragraph 9 of Count I of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraph 9 of Count I of Plaintiff's Complaint.

With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 9 of Count I of Plaintiff's Complaint, Defendant denies for want of knowledge that Plaintiff is entitled to any relief demanded in that paragraph.

## COUNT II

## ST. VINCENT MERCY MEDICAL CENTER - SURVIVAL

1-6.    Defendant incorporates each and every admission and denial set forth in paragraphs 1 through 6 of Count I of Defendant's Answer to Plaintiff's Complaint as though fully rewritten herein.

7.    Defendant denies for want of knowledge the allegations contained in paragraph 7 of Count II of Plaintiff's Complaint.

8.    Paragraph 8 of Count II of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraph 8 of Count II of Plaintiff's Complaint.

9.    Paragraph 9 of Count II of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraph 9 of Count II of Plaintiff's Complaint.

With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 9 of Count II of Plaintiff's Complaint, Defendant denies for want of knowledge that Plaintiff is entitled to any relief demanded in that paragraph.

## COUNT III

## CHRISTOPHER RIORDAN, M.D. - WRONGFUL DEATH

1.    Defendant denies for want of knowledge the allegations contained in paragraph 1 of Count III of Plaintiff's Complaint.

2.    Defendant denies for want of knowledge the allegations contained in paragraph 2 of Count III of Plaintiff's Complaint.

3.    Defendant denies for want of knowledge the allegations contained in paragraph 3 of Count III of Plaintiff's Complaint.

4.    Defendant denies for want of knowledge the allegations contained in paragraph 4 of Count III of Plaintiff's Complaint.

5.    Defendant states that Bextra® at all times relevant had appropriate information in its FDA approved label. Defendant denies for want of knowledge the remaining allegations contained in paragraph 5 of Count III of Plaintiff's Complaint.

6.    Defendant denies for want of knowledge the allegations contained in paragraph 6 of Count III of Plaintiff's Complaint.

7.    Defendant denies for want of knowledge the allegations contained in paragraph 7 of Count III of Plaintiff's Complaint.

8.    Defendant denies for want of knowledge the allegations contained in paragraph 8 of Count III of Plaintiff's Complaint.

9.    Paragraph 9 of Count III of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required. To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraph 9 of Count III of Plaintiff's Complaint.

10.    Defendant denies for want of knowledge the allegations contained in paragraph 10 of Count III of Plaintiff's Complaint.

11.    Paragraph 11 of Count III of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required. To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraph 11 of Count III of Plaintiff's Complaint.

With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 11 of Count III of Plaintiff's Complaint, Defendant denies for want of knowledge that Plaintiff is entitled to any relief demanded in that paragraph.

## COUNT IV

## CHRISTOPHER RIORDAN, M.D. – SURVIVAL

1-8.    Defendant incorporates each and every admission and denial set forth in paragraphs 1 through 8 of Count III of Defendant's Answer to Plaintiff's Complaint as though fully rewritten herein.

9.    Defendant denies for want of knowledge the allegations contained in paragraph 9 of Count IV of Plaintiff's Complaint.

10.    Paragraph 10 of Count IV of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraph 10 of Count IV of Plaintiff's Complaint.

11.    Paragraph 11 of Count IV of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraph 11 of Count IV of Plaintiff's Complaint.

With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 11 of Count IV of Plaintiff's Complaint, Defendant denies for want of knowledge that Plaintiff is entitled to any relief demanded in that paragraph.

## COUNT V

## SURGICOR, INC. – WRONGFUL DEATH

1.    Defendant denies for want of knowledge the allegations contained in paragraph 1 of Count V of Plaintiff's Complaint.

2.    Defendant denies for want of knowledge the allegations contained in paragraph 2 of Count V of Plaintiff's Complaint.

3.    Defendant denies for want of knowledge the allegations contained in paragraph 3 of Count V of Plaintiff's Complaint.

4.    Defendant denies for want of knowledge the allegations contained in paragraph 4 of Count V of Plaintiff's Complaint.

5.    Defendant denies for want of knowledge the allegations contained in paragraph 5 of Count V of Plaintiff's Complaint.

6.    Defendant denies for want of knowledge the allegations contained in paragraph 6 of Count V of Plaintiff's Complaint.

7.    Defendant states that Bextra® at all times relevant had appropriate information in its FDA approved label.  Defendant denies for want of knowledge the remaining allegations contained in paragraph 7 of Count V of Plaintiff's Complaint.

8.    Defendant denies for want of knowledge the allegations contained in paragraph 8 of Count V of Plaintiff's Complaint.

9.    Defendant denies for want of knowledge the allegations contained in paragraph 9 of Count V of Plaintiff's Complaint.

10.    Defendant denies for want of knowledge the allegations contained in paragraph 10 of Count V of Plaintiff's Complaint.

11.     Paragraph 11 of Count V of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required. To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraph 11 of Count V of Plaintiff's Complaint.

12.     Defendant denies for want of knowledge the allegations contained in paragraph 12 of Count V of Plaintiff's Complaint.

13.     Paragraph 13 of Count V of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required. To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraph 13 of Count V of Plaintiff's Complaint.

With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 13 of Count V of Plaintiff's Complaint, Defendant denies for want of knowledge that Plaintiff is entitled to any relief demanded in that paragraph.

## COUNT VI

## SURGICOR, INC. -- SURVIVAL

1-10.     Defendant incorporates each and every admission and denial set forth in paragraphs 1 through 10 of Count V of Defendant's Answer to Plaintiff's Complaint as though fully rewritten herein.

11.     Defendant denies for want of knowledge the allegations contained in paragraph 11 of Count VI of Plaintiff's Complaint.

12.     Paragraph 12 of Count VI of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required. To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraph 12 of

Count VI of Plaintiff's Complaint.

13.    Paragraph 13 of Count VI of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraph 13 of Count VI of Plaintiff's Complaint.

With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 13 of Count VI of Plaintiff's Complaint, Defendant denies for want of knowledge that Plaintiff is entitled to any relief demanded in that paragraph.

## COUNT VII

## VIRGINIA HALACHANOVA, M.D. - WRONGFUL DEATH

1.    Defendant denies for want of knowledge the allegations contained in paragraph 1 of Count VII of Plaintiff's Complaint.

2.    Defendant denies for want of knowledge the allegations contained in paragraph 2 of Count VII of Plaintiff's Complaint.

3.    Defendant denies for want of knowledge the allegations contained in paragraph 3 of Count VII of Plaintiff's Complaint.

4.    Defendant denies for want of knowledge the allegations contained in paragraph 4 of Count VII of Plaintiff's Complaint.

5.    Defendant states that Bextra® at all times relevant had appropriate information in its FDA approved label.  Defendant denies for want of knowledge the remaining allegations contained in paragraph 5 of Count VII of Plaintiff's Complaint.

6.    Defendant denies for want of knowledge the allegations contained in paragraph 6 of Count VII of Plaintiff's Complaint.

7.      Defendant denies for want of knowledge the allegations contained in paragraph 7 of Count VII of Plaintiff's Complaint.

8.      Defendant denies for want of knowledge the allegations contained in paragraph 8 of Count VII of Plaintiff's Complaint.

9.      Paragraph 9 of Count VII of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraph 9 of Count VII of Plaintiff's Complaint.

10.     Defendant denies for want of knowledge the allegations contained in paragraph 10 of Count VII of Plaintiff's Complaint.

11.     Paragraph 11 of Count VII of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraph 11 of Count VII of Plaintiff's Complaint.

With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 11 of Count VII of Plaintiff's Complaint, Defendant denies for want of knowledge that Plaintiff is entitled to any relief demanded in that paragraph.

## COUNT VIII

## VIRGINIA HALACHANOVA, M.D. - SURVIVAL

1-8.    Defendant incorporates each and every admission and denial set forth in paragraphs 1 through 8 of Count VII of Defendant's Answer to Plaintiff's Complaint as though fully rewritten herein.

9.      Defendant denies for want of knowledge the allegations contained in paragraph 9

9.

of Count VIII of Plaintiff's Complaint.

10.     Paragraph 10 of Count VIII of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraph 10 of Count VIII of Plaintiff's Complaint.

11.     Paragraph 11 of Count VIII of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraph 11 of Count VIII of Plaintiff's Complaint.

With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 11 of Count VIII of Plaintiff's Complaint, Defendant denies for want of knowledge that Plaintiff is entitled to any relief demanded in that paragraph.

## COUNT IX

## PAULDING COUNTY HOSPITAL - WRONGFUL DEATH

1.     Defendant denies for want of knowledge the allegations contained in paragraph 1 of Count IX of Plaintiff's Complaint.

2.     Defendant denies for want of knowledge the allegations contained in paragraph 2 of Count IX of Plaintiff's Complaint.

3.     Defendant denies for want of knowledge the allegations contained in paragraph 3 of Count IX of Plaintiff's Complaint.

4.     Defendant denies for want of knowledge the allegations contained in paragraph 4 of Count IX of Plaintiff's Complaint.

5.     Defendant denies for want of knowledge the allegations contained in paragraph 5

of Count IX of Plaintiff's Complaint.

6.     Defendant denies for want of knowledge the allegations contained in paragraph 6 of Count IX of Plaintiff's Complaint.

7.     Defendant states that Bextra® at all times relevant had appropriate information in its FDA approved label.  Defendant denies for want of knowledge the remaining allegations contained in paragraph 7 of Count IX of Plaintiff's Complaint.

8.     Defendant denies for want of knowledge the allegations contained in paragraph 8 of Count IX of Plaintiff's Complaint.

9.     Defendant denies for want of knowledge the allegations contained in paragraph 9 of Count IX of Plaintiff's Complaint.

10.     Defendant denies for want of knowledge the allegations contained in paragraph 10 of Count IX of Plaintiff's Complaint.

11.     Paragraph 11 of Count IX of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraph 11 of Count IX of Plaintiff's Complaint.

12.     Defendant denies for want of knowledge the allegations contained in paragraph 12 of Count IX of Plaintiff's Complaint.

13.     Paragraph 13 of Count IX of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraph 13 of Count IX of Plaintiff's Complaint.

With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 13 of

Count IX of Plaintiff's Complaint, Defendant denies for want of knowledge that Plaintiff is entitled to any relief demanded in that paragraph.

## COUNT X

## PAULDING COUNTY HOSPITAL - SURVIVAL

1-10.   Defendant incorporates each and every admission and denial set forth in paragraphs 1 through 10 of Count IX of Defendant's Answer to Plaintiff's Complaint as though fully rewritten herein.

11.   Defendant denies for want of knowledge the allegations contained in paragraph 11 of Count X of Plaintiff's Complaint.

12.   Paragraph 12 of Count X of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraph 12 of Count X of Plaintiff's Complaint.

13.   Paragraph 13 of Count X of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraph 13 of Count X of Plaintiff's Complaint.

With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 13 of Count X of Plaintiff's Complaint, Defendant denies for want of knowledge that Plaintiff is entitled to any relief demanded in that paragraph.

## COUNT XI

## PFIZER - NEGLIGENCE (Wrongful Death)

1.   Pfizer admits that, at times, it marketed the drug Bextra®.  Defendant denies the

12.

remaining allegations contained in paragraph 1 of Count XI of Plaintiff's Complaint.

2.      Defendant states that Bextra® at all times relevant had appropriate information in its FDA approved label.  Defendant further states that it complied with all applicable duties imposed by the law.  Defendant denies the remaining allegations of paragraph 2 of Count XI of Plaintiff's Complaint.

3.      Defendant states that Bextra® at all times relevant had appropriate information in its FDA approved label.  Defendant further states that it complied with all applicable duties imposed by the law.  Defendant denies the remaining allegations contained in paragraph 3, including subparts a through h, of Count XI of Plaintiff's Complaint.

4.      Defendant denies the allegations contained in paragraph 4 of Count XI of Plaintiff's Complaint.

5.      Defendant denies for want of knowledge the allegations contained in paragraph 5 of Count XI of Plaintiff's Complaint.

6.      Defendant denies for want of knowledge the allegations contained in paragraph 6 of Count XI of Plaintiff's Complaint.

7.      Defendant denies for want of knowledge the allegations contained in paragraph 7 of Count XI of Plaintiff's Complaint.

8.      Defendant denies the allegations contained in paragraph 8 of Count XI of Plaintiff's Complaint.

9.      Paragraph 9 of Count XI of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraph 9 of Count XI of Plaintiff's Complaint.

10.     Defendant denies the allegations contained in paragraph 10 of Count XI of Plaintiff's Complaint.

11.     Paragraph 11 of Count XI of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraph 11 of Count XI of Plaintiff's Complaint.

12.     Defendant denies the allegations contained in paragraph 12 of Count XI of Plaintiff's Complaint.

With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 12 of Count XI of Plaintiff's Complaint, Defendant denies that Plaintiff is entitled to any relief, including punitive damages, demanded in that paragraph.

## COUNT XII

## PFIZER - NEGLIGENCE

1-8.    Defendant incorporates each and every admission and denial set forth in paragraphs 1 through 8 of Count XI of Defendant's Answer to Plaintiff's Complaint as though fully rewritten herein.

9.      Defendant denies the allegations contained in paragraph 9 of Count XII of Plaintiff's Complaint.

10.     Paragraph 10 of Count XII of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraph 10 of Count XII of Plaintiff's Complaint.

11.     Paragraph 11 of Count XII of Plaintiff's Complaint states Plaintiff's own

14.

assertions and legal conclusions to which no response is required. To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraph 11 of Count XII of Plaintiff's Complaint.

12.    Defendant denies the allegations contained in paragraph 12 of Count XII of Plaintiff's Complaint.

With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 12 of Count XII of Plaintiff's Complaint, Defendant denies that Plaintiff is entitled to any relief, including punitive damages, demanded in that paragraph.

## COUNT XIII

## PFIZER – STRICT LIABILITY (Failure to Warn) (Wrongful Death)

1.    Pfizer admits that, at times, it marketed the drug Bextra®. Defendant denies the remaining allegations contained in paragraph 1 of Count XIII of Plaintiff's Complaint.

2.    Defendant states that Bextra® at all times relevant had appropriate information in its FDA approved label. Defendant further states that it complied with all applicable duties imposed by the law. Defendant denies the remaining allegations contained in paragraph 2 of Count XIII of Plaintiff's Complaint.

3.    Defendant denies the allegations contained in paragraph 3 of Count XIII of Plaintiff's Complaint.

4.    Pfizer admits that, at times, it marketed the drug Bextra®. Defendant states that Bextra® at all times relevant had appropriate information in its FDA approved label. Defendant denies the remaining allegations contained in paragraph 4 of Count XIII of Plaintiff's Complaint.

5.    Defendant denies for want of knowledge the allegations contained in paragraph 5 of Count XIII of Plaintiff's Complaint.

6.      Defendant denies for want of knowledge the allegations contained in paragraph 6 of Count XIII of Plaintiff's Complaint.

7.      Defendant denies the allegations contained in paragraph 7 of Count XIII of Plaintiff's Complaint.

8.      Defendant denies the allegations contained in paragraph 8 of Count XIII of Plaintiff's Complaint.

9.      Paragraph 9 of Count XIII of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraph 9 of Count XIII of Plaintiff's Complaint.

10.      Defendant denies the allegations contained in paragraph 10 of Count XIII of Plaintiff's Complaint.

11.      Paragraph 11 of Count XIII of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraph 11 of Count XIII of Plaintiff's Complaint.

12.      Defendant denies the allegations contained in paragraph 12 of Count XIII of Plaintiff's Complaint.

With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 12 of Count XIII of Plaintiff's Complaint, Defendant denies that Plaintiff is entitled to any relief, including punitive damages, demanded in that paragraph.

## COUNT XIV

### PFIZER – STRICT LIABILITY (Failure to Warn) (Survival)

1-8.    Defendant incorporates each and every admission and denial set forth in paragraphs 1 through 8 of Count XIII of Defendant's Answer to Plaintiff's Complaint as though fully rewritten herein.

9.    Defendant denies the allegations contained in paragraph 9 of Count XIV of Plaintiff's Complaint.

10.    Paragraph 10 of Count XIV of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraph 10 of Count XIV of Plaintiff's Complaint.

11.    Paragraph 11 of Count XIV of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraph 11 of Count XIV of Plaintiff's Complaint.

12.    Defendant denies the allegations contained in paragraph 12 of Count XIV of Plaintiff's Complaint.

With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 12 of Count XIV of Plaintiff's Complaint, Defendant denies that Plaintiff is entitled to any relief, including punitive damages, demanded in that paragraph.

## COUNT XV

### PFIZER – STRICT LIABILITY (Design Defect) (Wrongful Death)

1.    Pfizer admits that, at times, it marketed the drug Bextra®.  Defendant admits that

Bextra® was expected to reach patients without substantial change from the time of sale. Defendant denies the remaining allegations contained in paragraph 1 of Count XV of Plaintiff's Complaint.

2.      Pfizer admits that, at times, it marketed the drug Bextra®. Defendant denies the remaining allegations contained in paragraph 2 of Count XV of Plaintiff's Complaint.

3.      Defendant states that Bextra® at all times relevant had appropriate information in its FDA approved label. Defendant further states that it complied with all applicable duties imposed by the law. Defendant denies the remaining allegations contained in paragraph 3 of Count XV of Plaintiff's Complaint.

4.      Defendant denies the allegations contained in paragraph 4 of Count XV of Plaintiff's Complaint.

5.      Defendant denies the allegations contained in paragraph 5 of Count XV of Plaintiff's Complaint.

6.      Defendant admits that Bextra® was expected to reach patients without substantial change from the time of sale. Further answering, Defendant denies the remaining allegations contained in paragraph 6 of Count XV of Plaintiff's Complaint.

7.      Defendant denies for want of knowledge the allegations contained in paragraph 7 of Count XV of Plaintiff's Complaint.

8.      Defendant denies for want of knowledge the allegations contained in paragraph 8 of Count XV of Plaintiff's Complaint.

9.      Defendant denies for want of knowledge the allegations contained in paragraph 9 of Count XV of Plaintiff's Complaint.

10.     Defendant denies the allegations contained in paragraph 10 of Count XV of

Plaintiff's Complaint.

11.    Defendant states that Bextra® at all times relevant had appropriate information in its FDA approved label. Defendant further states that it complied with all applicable duties imposed by the law. Defendant denies the remaining allegations contained in paragraph 11 of Count XV of Plaintiff's Complaint.

12.    Defendant states that Bextra® at all times relevant had appropriate information in its FDA approved label. Defendant further states that it complied with all applicable duties imposed by the law. Defendant denies the remaining allegations contained in paragraph 12 of Count XV of Plaintiff's Complaint.

13.    Defendant denies the allegations contained in paragraph 13 of Count XV of Plaintiff's Complaint.

14.    Paragraph 14 of Count XV of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required. To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraph 14 of Count XV of Plaintiff's Complaint.

15.    Defendant denies the allegations contained in paragraph 15 of Count XV of Plaintiff's Complaint.

16.    Paragraph 16 of Count XV of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required. To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraph 16 of Count XV of Plaintiff's Complaint.

17.    Defendant denies the allegations contained in paragraph 17 of Count XV of Plaintiff's Complaint.

With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 17 of Count XV of Plaintiff's Complaint, Defendant denies that Plaintiff is entitled to any relief, including punitive damages, demanded in that paragraph.

## COUNT XVI

### PFIZER – STRICT LIABILITY (Design Defect) (Survival)

1-13.   Defendant incorporates each and every admission and denial set forth in paragraphs 1 through 13 of Count XV of Defendant's Answer to Plaintiff's Complaint as though fully rewritten herein.

14.    Defendant denies the allegations contained in paragraph 14 of Count XVI of Plaintiff's Complaint.

15.    Paragraph 15 of Count XVI of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies for want of knowledge the remaining allegations contained in paragraph 15 of Count XVI of Plaintiff's Complaint.

16.    Paragraph 16 of Count XVI of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraph 16 of Count XVI of Plaintiff's Complaint.

17.    Defendant denies the allegations contained in paragraph 17 of Count XVI of Plaintiff's Complaint.

With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 17 of Count XVI of Plaintiff's Complaint, Defendant denies that Plaintiff is entitled to any relief, including punitive damages, demanded in that paragraph.

## COUNT XVII

## PFIZER – MISREPRESENTATION AND FRAUD (Wrongful Death)

1.    Pfizer admits that, at times, it marketed the drug Bextra®. Defendant denies the remaining allegations contained in paragraph 1 of Count XVII of Plaintiff's Complaint.

2.    Defendant states that Bextra® at all times relevant had appropriate information in its FDA approved label. Defendant further states that it complied with all applicable duties imposed by the law. Defendant denies the remaining allegations contained in paragraph 2 of Count XVII of Plaintiff's Complaint.

3.    Defendant states that Bextra® at all times relevant had appropriate information in its FDA approved label. Defendant further states that it complied with all applicable duties imposed by the law. Defendant denies the remaining allegations contained in paragraph 3, including subparts a through d, of Count XVII of Plaintiff's Complaint.

4.    Defendant denies the allegations contained in paragraph 4 of Count XVII of Plaintiff's Complaint.

5.    Defendant denies the allegations contained in paragraph 5 of Count XVII of Plaintiff's Complaint.

6.    Defendant denies the allegations contained in paragraph 6 of Count XVII of Plaintiff's Complaint.

7.    Defendant denies the allegations contained in paragraph 7 of Count XVII of Plaintiff's Complaint.

8.    Defendant states that Bextra® at all times relevant had appropriate information in its FDA approved label. Defendant denies the remaining allegations contained in paragraph 8 of Count XVII of Plaintiff's Complaint.

9.     Defendant states that Bextra® at all times relevant had appropriate information in its FDA approved label. Defendant denies the remaining allegations contained in paragraph 9 of Count XVII of Plaintiff's Complaint.

10.    Defendant denies for want of knowledge the allegations contained in paragraph 10 of Count XVII of Plaintiff's Complaint.

11.    Defendant denies for want of knowledge the allegations contained in paragraph 11 of Count XVII of Plaintiff's Complaint.

12.    Defendant denies for want of knowledge the allegations contained in paragraph 12 of Count XVII of Plaintiff's Complaint.

13.    Defendant denies the allegations contained in paragraph 13 of Count XVII of Plaintiff's Complaint.

14.    Paragraph 14 of Count XVII of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required. To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraph 14 of Count XVII of Plaintiff's Complaint.

15.    Defendant denies the allegations contained in paragraph 15 of Count XVII of Plaintiff's Complaint.

16.    Paragraph 16 of Count XVII of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required. To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraph 16 of Count XVII of Plaintiff's Complaint.

17.    Defendant denies the allegations contained in paragraph 17 of Count XVII of Plaintiff's Complaint.

With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 17 of Count XVII of Plaintiff's Complaint, Defendant denies that Plaintiff is entitled to any relief, including punitive damages, demanded in that paragraph.

## COUNT XVIII

### PFIZER – MISREPRESENTATION AND FRAUD (Survival)

1-13.    Defendant incorporates each and every admission and denial set forth in paragraphs 1 through 13 of Count XVII of Defendant's Answer to Plaintiff's Complaint as though fully rewritten herein.

14.    Defendant states that Bextra® at all times relevant had appropriate information in its FDA approved label. Defendant denies the remaining allegations contained in paragraph 14 of Count XVIII of Plaintiff's Complaint.

15.    Paragraph 15 of Count XVIII of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required. To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraph 15 of Count XVIII of Plaintiff's Complaint.

16.    Paragraph 16 of Count XVIII of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required. To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraph 16 of Count XVIII of Plaintiff's Complaint.

17.    Defendant denies the allegations contained in paragraph 17 of Count XVIII of Plaintiff's Complaint.

With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 17 of Count XVIII of Plaintiff's Complaint, Defendant denies that Plaintiff is entitled to any relief,

including punitive damages, demanded in that paragraph.

## COUNT XIX

## PFIZER – BREACH OF WARRANTY (Wrongful Death)

1.     Pfizer admits that, at times, it marketed the drug Bextra®.  Further answering, Defendant denies the remaining allegations contained in paragraph 1 of Count XIX of Plaintiff's Complaint.

2.     Defendant states that Bextra® at all times relevant had appropriate information in its FDA approved label.  Defendant further states that it complied with all applicable duties imposed by the law.  Defendant denies the remaining allegations contained in paragraph 2 of Count XIX of Plaintiff's Complaint.

3.     Defendant denies the allegations contained in paragraph 3 of Count XIX of Plaintiff's Complaint.

4.     Defendant denies the allegations contained in paragraph 4 of Count XIX of Plaintiff's Complaint.

5.     Defendant denies for want of knowledge the allegations contained in paragraph 5 of Count XIX of Plaintiff's Complaint.

6.     Defendant denies for want of knowledge the allegations contained in paragraph 6 of Count XIX of Plaintiff's Complaint.

7.     Defendant denies for want of knowledge the allegations contained in paragraph 7 of Count XIX of Plaintiff's Complaint.

8.     Defendant denies for want of knowledge the allegations contained in paragraph 8 of Count XIX of Plaintiff's Complaint.

9.     Defendant denies for want of knowledge the allegations contained in paragraph 9

of Count XIX of Plaintiff's Complaint.

10.    Defendant denies the allegations contained in paragraph 10 of Count XIX of Plaintiff's Complaint.

11.    Paragraph 11 of Count XIX of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraph 11 of Count XIX of Plaintiff's Complaint.

12.    Defendant denies the allegations contained in paragraph 12 of Count XIX of Plaintiff's Complaint.

13.    Paragraph 13 of Count XIX of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraph 13 of Count XIX of Plaintiff's Complaint.

14.    Defendant denies the allegations contained in paragraph 14 of Count XIX of Plaintiff's Complaint.

With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 14 of Count XIX of Plaintiff's Complaint, Defendant denies that Plaintiff is entitled to any relief, including punitive damages, demanded in that paragraph.

## COUNT XX

## PFIZER – BREACH OF WARRANTY (Survival)

1-10.    Defendant incorporates each and every admission and denial set forth in paragraphs 1 through 10 of Count XIX of Defendant's Answer to Plaintiff's Complaint as though fully rewritten herein.

11.    Defendant denies the allegations contained in paragraph 11 of Count XX of Plaintiff's Complaint.

12.    Paragraph 12 of Count XX of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies for want of knowledge for the allegations contained in paragraph 12 of Count XX of Plaintiff's Complaint.

13.    Paragraph 13 of Count XX of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraph 13 of Count XX of Plaintiff's Complaint.

14.    Defendant denies the allegations contained in paragraph 14 of Count XX of Plaintiff's Complaint.

With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 14 of Count XX of Plaintiff's Complaint, Defendant denies that Plaintiff is entitled to any relief, including punitive damages, demanded in that paragraph.

## COUNT XXI

## PFIZER – VIOLATION OF THE OHIO CONSUMER SALES PRACTICES ACT
### (Wrongful Death)

1.    Pfizer admits that, at times, it marketed the drug Bextra®.  Defendant admits that Bextra® was expected to reach patients without substantial change from the time of sale.  Defendant denies the remaining allegations contained in paragraph 1 of Count XXI of Plaintiff's Complaint.

2.    Defendant states that Bextra® at all times relevant had appropriate information in its FDA approved label.  Defendant further states that it complied with all applicable duties

26.

imposed by the law. Defendant denies the remaining allegations contained in paragraph 2 of Count XXI of Plaintiff's Complaint.

3.    Defendant denies the allegations contained in paragraph 3 of Count XXI of Plaintiff's Complaint.

4.    Defendant denies the allegations contained in paragraph 4 of Count XXI of Plaintiff's Complaint.

5.    Plaintiff's Complaint contains no allegation in paragraph 5 of Count XXI of Plaintiff's Complaint therefore no response is necessary nor provided.

6.    Defendant denies the allegations contained in paragraph 6 of Count XXI of Plaintiff's Complaint.

7.    Defendant states that Bextra® at all times relevant had appropriate information in its FDA approved label. Defendant denies the remaining allegations contained in paragraph 7 of Count XXI of Plaintiff's Complaint.

8.    Defendant denies for want of knowledge the allegations contained in paragraph 8 of Count XXI of Plaintiff's Complaint.

9.    Defendant denies for want of knowledge the allegations contained in paragraph 9 of Count XXI of Plaintiff's Complaint.

10.    Defendant denies for want of knowledge the allegations contained in paragraph 10 of Count XXI of Plaintiff's Complaint.

11.    Defendant denies the allegations contained in paragraph 11 of Count XXI of Plaintiff's Complaint.

12.    Paragraph 12 of Count XXI of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required. To the extent a response is

required, Defendant denies for want of knowledge the allegations contained in paragraph 12 of Count XXI of Plaintiff's Complaint.

13.    Defendant denies the allegations contained in paragraph 13 of Count XXI of Plaintiff's Complaint.

14.    Paragraph 14 of Count XXI of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraph 14 of Count XXI of Plaintiff's Complaint.

15.    Defendant denies the allegations contained in paragraph 15 of Count XXI of Plaintiff's Complaint.

16.    Defendant denies the allegations contained in paragraph 16 of Count XXI of Plaintiff's Complaint.

With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 16 of Count XXI of Plaintiff's Complaint, Defendant denies that Plaintiff is entitled to any relief, including punitive damages, demanded in that paragraph.

## COUNT XXII

## PFIZER – VIOLATION OF THE OHIO CONSUMER SALES PRACTICES ACT
### (Survival)

1-11.    Defendant incorporates each and every admission and denial set forth in paragraphs 1 through 11 of Count XXI of Defendant's Answer to Plaintiff's Complaint as though fully rewritten herein.

12.    Defendant denies the allegations contained in Paragraph 12 of Count XXII of Plaintiff's Complaint.

13.    Paragraph 13 of Count XXII of Plaintiff's Complaint states Plaintiff's own

28.

assertions and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in paragraph 13 of Count XXII of Plaintiff's Complaint.

14.    Paragraph 14 of Count XXII of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required. To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraph 14 of Count XXII of Plaintiff's Complaint.

15.    Defendant denies the allegations contained in Paragraph 15 of Count XXII of Plaintiff's Complaint.

16.    Defendant denies the allegations contained in Paragraph 16 of Count XXII of Plaintiff's Complaint.

With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 16 of Count XXII of Plaintiff's Complaint, Defendant denies that Plaintiff is entitled to any relief, including punitive damages, demanded in that paragraph.

## COUNT XXIII

## AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION - NEGLIGENCE (Wrongful Death)

1.    Pfizer admits that, at times, it marketed the drug Bextra®. Defendant denies for want of knowledge the remaining allegations contained in paragraph 1 of Count XXIII of Plaintiff's Complaint.

2.    Defendant states that Bextra® at all times relevant had appropriate information in its FDA approved label. Defendant denies for want of knowledge the remaining allegations of paragraph 2 of Count XXIII of Plaintiff's Complaint.

3.    Defendant states that Bextra® at all times relevant had appropriate information in

its FDA approved label. Defendant denies for want of knowledge the remaining allegations contained in paragraph 3, including subparts a through h, of Count XXIII of Plaintiff's Complaint.

4.    Defendant denies the allegations contained in paragraph 4 of Count XXIII of Plaintiff's Complaint.

5.    Defendant denies for want of knowledge the allegations contained in paragraph 5 of Count XXIII of Plaintiff's Complaint.

6.    Defendant denies for want of knowledge the allegations contained in paragraph 6 of Count XXIII of Plaintiff's Complaint.

7.    Defendant denies for want of knowledge the allegations contained in paragraph 7 of Count XXIII of Plaintiff's Complaint.

8.    Defendant denies for want of knowledge the allegations contained in paragraph 8 of Count XXIII of Plaintiff's Complaint.

9.    Paragraph 9 of Count XXIII of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required. To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraph 9 of Count XXIII of Plaintiff's Complaint.

10.    Defendant denies for want of knowledge the allegations contained in paragraph 10 of Count XXIII of Plaintiff's Complaint.

11.    Paragraph 11 of Count XXIII of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required. To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraph 11 of Count XXIII of Plaintiff's Complaint.

12.    Defendant denies for want of knowledge the allegations contained in paragraph 12 of Count XXIII of Plaintiff's Complaint.

With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 12 of Count XXIII of Plaintiff's Complaint, Defendant denies for want of knowledge that Plaintiff is entitled to any relief demanded in that paragraph.

<u>**COUNT XXIV**</u>

<u>**AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION - NEGLIGENCE**</u>

1-8.    Defendant incorporates each and every admission and denial set forth in paragraphs 1 through 8 of Count XXIII of Defendant's Answer to Plaintiff's Complaint as though fully rewritten herein.

9.    Defendant denies for want of knowledge the allegations contained in paragraph 9 of Count XXIV of Plaintiff's Complaint.

10.    Paragraph 10 of Count XXIV of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required. To the extent a response is required, Defendant denies for want of knowledge the remaining allegations contained in paragraph 10 of Count XXIV of Plaintiff's Complaint.

11.    Paragraph 11 of Count XXIV of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required. To the extent a response is required, Defendant denies for want of knowledge the remaining allegations contained in paragraph 11 of Count XXIV of Plaintiff's Complaint.

12.    Defendant denies for want of knowledge the allegations contained in paragraph 12 of Count XXIV of Plaintiff's Complaint.

With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 12 of

Count XXIV of Plaintiff's Complaint, Defendant denies for want of knowledge that Plaintiff is entitled to any relief demanded in that paragraph.

## COUNT XXV

### AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION – STRICT LIABILITY (Failure to Warn) (Wrongful Death)

1.    Pfizer admits that, at times, it marketed the drug Bextra®. Defendant denies for want of knowledge the remaining allegations contained in paragraph 1 of Count XXV of Plaintiff's Complaint.

2.    Defendant states that Bextra® at all times relevant had appropriate information in its FDA approved label. Defendant denies the allegations contained in paragraph 2 of Count XXV of Plaintiff's Complaint.

3.    Defendant denies the allegations contained in paragraph 3 of Count XXV of Plaintiff's Complaint.

4.    Pfizer admits that, at times, it marketed the drug Bextra®. Defendant denies the remaining allegations contained in paragraph 4 of Count XXV of Plaintiff's Complaint.

5.    Defendant denies for want of knowledge the allegations contained in paragraph 5 of Count XXV of Plaintiff's Complaint.

6.    Defendant denies for want of knowledge the allegations contained in paragraph 6 of Count XXV of Plaintiff's Complaint.

7.    Defendant denies the allegations contained in paragraph 7 of Count XXV of Plaintiff's Complaint.

8.    Defendant denies the allegations contained in paragraph 8 of Count XXV of Plaintiff's Complaint.

9.    Paragraph 9 of Count XXV of Plaintiff's Complaint states Plaintiff's own

assertions and legal conclusions to which no response is required. To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraph 9 of Count XXV of Plaintiff's Complaint.

10.    Defendant denies the allegations contained in paragraph 10 of Count XXV of Plaintiff's Complaint.

11.    Paragraph 11 of Count XXV of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required. To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraph 11 of Count XXV of Plaintiff's Complaint.

12.    Defendant denies for want of knowledge the allegations contained in paragraph 12 of Count XXV of Plaintiff's Complaint.

With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 12 of Count XXV of Plaintiff's Complaint, Defendant denies for want of knowledge that Plaintiff is entitled to any relief demanded in that paragraph.

## COUNT XXVI

## AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION – STRICT LIABILITY (Failure to Warn) (Survival)

1-8.    Defendant incorporates each and every admission and denial set forth in paragraphs 1 through 8 of Count XXV of Defendant's Answer to Plaintiff's Complaint as though fully rewritten herein.

9.    Defendant denies for want of knowledge the allegations contained in paragraph 9 of Count XXVI of Plaintiff's Complaint.

10.    Paragraph 10 of Count XXVI of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required. To the extent a response is

required, Defendant denies for want of knowledge the allegations contained in paragraph 10 of Count XXVI of Plaintiff's Complaint.

11.     Paragraph 11 of Count XXVI of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required. To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraph 11 of Count XXVI of Plaintiff's Complaint.

12.     Defendant denies for want of knowledge the allegations contained in paragraph 12 of Count XXVI of Plaintiff's Complaint.

With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 12 of Count XXVI of Plaintiff's Complaint, Defendant denies for want of knowledge that Plaintiff is entitled to any relief demanded in that paragraph.

## COUNT XXVII

## AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION – STRICT LIABILITY (Design Defect) (Wrongful Death)

1.     Pfizer admits that, at times, it marketed the drug Bextra®. Defendant admits that Bextra® was expected to reach patients without substantial change from the time of sale. Defendant denies for want of knowledge the remaining allegations contained in paragraph 1 of Count XXVII of Plaintiff's Complaint.

2.     Pfizer admits that, at times, it marketed the drug Bextra®. Defendant denies the allegations contained in paragraph 2 of Count XXVII of Plaintiff's Complaint.

3.     Defendant states that Bextra® at all times relevant had appropriate information in its FDA approved label. Defendant denies the allegations contained in paragraph 3 of Count XXVII of Plaintiff's Complaint.

4.     Defendant denies the allegations contained in paragraph 4 of Count XXVII of

Plaintiff's Complaint.

5.     Defendant denies the allegations contained in paragraph 5 of Count XXVII of Plaintiff's Complaint.

6.     Defendant admits that Bextra® was expected to reach patients without substantial change from the time of sale. Defendant denies for want of knowledge the remaining allegations contained in paragraph 6 of Count XXVII of Plaintiff's Complaint.

7.     Defendant denies for want of knowledge the allegations contained in paragraph 7 of Count XXVII of Plaintiff's Complaint.

8.     Defendant denies for want of knowledge the allegations contained in paragraph 8 of Count XXVII of Plaintiff's Complaint.

9.     Defendant denies for want of knowledge the allegations contained in paragraph 9 of Count XXVII of Plaintiff's Complaint.

10.    Defendant denies for the allegations contained in paragraph 10 of Count XXVII of Plaintiff's Complaint.

11.    Defendant states that Bextra® at all times relevant had appropriate information in its FDA approved label. Defendant denies for want of knowledge the remaining allegations contained in paragraph 11 of Count XXVII of Plaintiff's Complaint.

12.    Defendant states that Bextra® at all times relevant had appropriate information in its FDA approved label. Defendant denies the allegations contained in paragraph 12 of Count XXVII of Plaintiff's Complaint.

13.    Defendant denies for want of knowledge the allegations contained in paragraph 13 of Count XXVII of Plaintiff's Complaint.

14.    Paragraph 14 of Count XXVII of Plaintiff's Complaint states Plaintiff's own

35.

assertions and legal conclusions to which no response is required. To the extent a response is required, Defendant denies for want of knowledge the remaining allegations contained in paragraph 14 of Count XXVII of Plaintiff's Complaint.

15.    Defendant denies the allegations contained in paragraph 15 of Count XXVII of Plaintiff's Complaint.

16.    Paragraph 16 of Count XXVII of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required. To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraph 16 of Count XXVII of Plaintiff's Complaint.

17.    Defendant denies for want of knowledge the allegations contained in paragraph 17 of Count XXVII of Plaintiff's Complaint.

With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 17 of Count XXVII of Plaintiff's Complaint, Defendant denies for want of knowledge that Plaintiff is entitled to any relief demanded in that paragraph.

## COUNT XXVIII

## AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION – STRICT LIABILITY (Design Defect) (Survival)

1-13.    Defendant incorporates each and every admission and denial set forth in paragraphs 1 through 13 of Count XXVII of Defendant's Answer to Plaintiff's Complaint as though fully rewritten herein.

14.    Defendant denies for want of knowledge the allegations contained in paragraph 14 of Count XXVIII of Plaintiff's Complaint.

15.    Paragraph 15 of Count XXVIII of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required. To the extent a response is

36.

required, Defendant denies for want of knowledge the allegations contained in paragraph 15 of Count XXVIII of Plaintiff's Complaint.

16.     Paragraph 16 of Count XXVIII of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraph 16 of Count XXVIII of Plaintiff's Complaint.

17.     Defendant denies for want of knowledge the allegations contained in paragraph 17 of Count XXVIII of Plaintiff's Complaint.

With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 17 of Count XXVIII of Plaintiff's Complaint, Defendant denies for want of knowledge that Plaintiff is entitled to any relief demanded in that paragraph.

## COUNT XXIX

## AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION – MISREPRESENTATION AND FRAUD (Wrongful Death)

1.     Pfizer admits that, at times, it marketed the drug Bextra®.  Defendant denies for want of knowledge the remaining allegations contained in paragraph 1 of Count XXIX of Plaintiff's Complaint.

2.     Defendant states that Bextra® at all times relevant had appropriate information in its FDA approved label.  Defendant denies for want of knowledge the remaining allegations contained in paragraph 2 of Count XXIX of Plaintiff's Complaint.

3.     Defendant states that Bextra® at all times relevant had appropriate information in its FDA approved label.  Defendant denies the remaining allegations contained in paragraph 3, including subparts a through d, of Count XXIX of Plaintiff's Complaint.

4.     Defendant denies for want of knowledge the allegations contained in paragraph 4

of Count XXIX of Plaintiff's Complaint.

5.     Defendant denies for want of knowledge the allegations contained in paragraph 5 of Count XXIX of Plaintiff's Complaint.

6.     Defendant denies for want of knowledge the allegations contained in paragraph 6 of Count XXIX of Plaintiff's Complaint.

7.     Defendant denies for want of knowledge the allegations contained in paragraph 7 of Count XXIX of Plaintiff's Complaint.

8.     Defendant states that Bextra® at all times relevant had appropriate information in its FDA approved label.  Defendant denies for want of knowledge the remaining allegations contained in paragraph 8 of Count XXIX of Plaintiff's Complaint.

9.     Defendant states that Bextra® at all times relevant had appropriate information in its FDA approved label.  Defendant denies for want of knowledge the remaining allegations contained in paragraph 9 of Count XXIX of Plaintiff's Complaint.

10.     Defendant denies for want of knowledge the allegations contained in paragraph 10 of Count XXIX of Plaintiff's Complaint.

11.     Defendant denies for want of knowledge the allegations contained in paragraph 11 of Count XXIX of Plaintiff's Complaint.

12.     Defendant denies for want of knowledge the allegations contained in paragraph 12 of Count XXIX of Plaintiff's Complaint.

13.     Defendant denies for want of knowledge the allegations contained in paragraph 13 of Count XXIX of Plaintiff's Complaint.

14.     Paragraph 14 of Count XXIX of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required.  To the extent a response is

required, Defendant denies for want of knowledge the allegations contained in paragraph 14 of Count XXIX of Plaintiff's Complaint.

15.    Defendant denies the allegations contained in paragraph 15 of Count XXIX of Plaintiff's Complaint.

16.    Paragraph 16 of Count XXIX of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required. To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraph 16 of Count XXIX of Plaintiff's Complaint.

17.    Defendant denies for want of knowledge the allegations contained in paragraph 17 of Count XXIX of Plaintiff's Complaint.

With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 17 of Count XXIX of Plaintiff's Complaint, Defendant denies for want of knowledge that Plaintiff is entitled to any relief demanded in that paragraph.

## COUNT XXX

## AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION – MISREPRESENTATION AND FRAUD (Survival)

1-13.    Defendant incorporates each and every admission and denial set forth in paragraphs 1 through 13 of Count XXIX of Defendant's Answer to Plaintiff's Complaint as though fully rewritten herein.

14.    Defendant states that Bextra® at all times relevant had appropriate information in its FDA approved label. Defendant denies for want of knowledge the remaining allegations contained in paragraph 14 of Count XXX of Plaintiff's Complaint.

15.    Paragraph 15 of Count XXX of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required. To the extent a response is

required, Defendant denies for want of knowledge the allegations contained in paragraph 15 of Count XXX of Plaintiff's Complaint.

16.    Paragraph 16 of Count XXX of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraph 16 of Count XXX of Plaintiff's Complaint.

17.    Defendant denies for want of knowledge the allegations contained in paragraph 17 of Count XXX of Plaintiff's Complaint.

With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 17 of Count XXX of Plaintiff's Complaint, Defendant denies for want of knowledge that Plaintiff is entitled to any relief demanded in that paragraph.

## COUNT XXXI

## AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION – BREACH OF WARRANTY (Wrongful Death)

1.    Pfizer admits that, at times, it marketed the drug Bextra®.  Defendant denies for want of knowledge the remaining allegations contained in paragraph 1 of Count XXXI of Plaintiff's Complaint.

2.    Defendant states that Bextra® at all times relevant had appropriate information in its FDA approved label.  Defendant denies the remaining allegations contained in paragraph 2 of Count XXXI of Plaintiff's Complaint.

3.    Defendant denies for want of knowledge the allegations contained in paragraph 3 of Count XXXI of Plaintiff's Complaint.

4.    Defendant denies the allegations contained in paragraph 4 of Count XXXI of Plaintiff's Complaint.

5.    Defendant denies for want of knowledge the allegations contained in paragraph 5 of Count XXXI of Plaintiff's Complaint.

6.    Defendant denies for want of knowledge the allegations contained in paragraph 6 of Count XXXI of Plaintiff's Complaint.

7.    Defendant denies for want of knowledge the allegations contained in paragraph 7 of Count XXXI of Plaintiff's Complaint.

8.    Defendant denies for want of knowledge the allegations contained in paragraph 8 of Count XXXI of Plaintiff's Complaint.

9.    Defendant denies for want of knowledge the allegations contained in paragraph 9 of Count XXXI of Plaintiff's Complaint.

10.    Defendant denies for want of knowledge the allegations contained in paragraph 10 of Count XXXI of Plaintiff's Complaint.

11.    Paragraph 11 of Count XXXI of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraph 11 of Count XXXI of Plaintiff's Complaint.

12.    Defendant denies the allegations contained in paragraph 12 of Count XXXI of Plaintiff's Complaint.

13.    Paragraph 13 of Count XXXI of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraph 13 of Count XXXI of Plaintiff's Complaint.

14.    Defendant denies for want of knowledge the allegations contained in paragraph

14 of Count XXXI of Plaintiff's Complaint.

With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 14 of Count XXXI of Plaintiff's Complaint, Defendant denies for want of knowledge that Plaintiff is entitled to any relief demanded in that paragraph.

## COUNT XXXII

### AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION – BREACH OF WARRANTY (Survival)

1-10.　Defendant incorporates each and every admission and denial set forth in paragraphs 1 through 10 of Count XXXI of Defendant's Answer to Plaintiff's Complaint as though fully rewritten herein.

11.　　Defendant denies for want of knowledge the allegations contained in paragraph 11 of Count XXXII of Plaintiff's Complaint.

12.　　Paragraph 12 of Count XXXII of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required. To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraph 12 of Count XXXII of Plaintiff's Complaint.

13..　　Paragraph 13 of Count XXXII of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required. To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraph 13 of Count XXXII of Plaintiff's Complaint.

14.　　Defendant denies for want of knowledge the allegations contained in paragraph 14 of Count XXXII of Plaintiff's Complaint.

With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 14 of Count XXXII of Plaintiff's Complaint, Defendant denies for want of knowledge that Plaintiff is

entitled to any relief demanded in that paragraph.

## COUNT XXXIII

### AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION – VIOLATION OF THE OHIO CONSUMER SALES PRACTICES ACT (Wrongful Death)

1.       Pfizer admits that, at times, it marketed the drug Bextra®. Defendant admits that Bextra® was expected to reach patients without substantial change from the time of sale. Defendant denies for want of knowledge the remaining allegations contained in paragraph 1 of Count XXXIII of Plaintiff's Complaint.

2.       Defendant states that Bextra® at all times relevant had appropriate information in its FDA approved label. Defendant denies for want of knowledge the remaining allegations contained in paragraph 2 of Count XXXIII of Plaintiff's Complaint.

3.       Defendant denies for want of knowledge the allegations contained in paragraph 3 of Count XXXIII of Plaintiff's Complaint.

4.       Defendant denies for want of knowledge the allegations contained in paragraph 4 of Count XXXIII of Plaintiff's Complaint.

5.       Plaintiff's Complaint contains no allegation in paragraph 5 of Count XXXIII of Plaintiff's Complaint therefore no response is necessary nor provided.

6.       Defendant denies for want of knowledge the allegations contained in paragraph 6 of Count XXXIII of Plaintiff's Complaint.

7.       Defendant states that Bextra® at all times relevant had appropriate information in its FDA approved label. Defendant denies for want of knowledge the allegations contained in paragraph 7 of Count XXXIII of Plaintiff's Complaint.

8.       Defendant denies for want of knowledge the allegations contained in paragraph 8

of Count XXXIII of Plaintiff's Complaint.

9. Defendant denies for want of knowledge the allegations contained in paragraph 9 of Count XXXIII of Plaintiff's Complaint.

10. Defendant denies for want of knowledge the allegations contained in paragraph 10 of Count XXXIII of Plaintiff's Complaint.

11. Defendant denies for want of knowledge the allegations contained in paragraph 11 of Count XXXIII of Plaintiff's Complaint.

12. Paragraph 12 of Count XXXIII of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required. To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraph 12 of Count XXXIII of Plaintiff's Complaint.

13. Defendant denies the allegations contained in paragraph 13 of Count XXXIII of Plaintiff's Complaint.

14. Paragraph 14 of Count XXXIII of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required. To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraph 14 of Count XXXIII of Plaintiff's Complaint.

15. Defendant denies for want of knowledge the allegations contained in paragraph 15 of Count XXXIII of Plaintiff's Complaint.

16. Defendant denies for want of knowledge the allegations contained in paragraph 16 of Count XXXIII of Plaintiff's Complaint.

With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 16 of Count XXXIII of Plaintiff's Complaint, Defendant denies for want of knowledge that Plaintiff is

entitled to any relief demanded in that paragraph.

## COUNT XXXIV

### AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION – VIOLATION OF THE OHIO CONSUMER SALES PRACTICES ACT (Survival)

1-11.    Defendant incorporates each and every admission and denial set forth in paragraphs 1 through 11 of Count XXXIII of Defendant's Answer to Plaintiff's Complaint as though fully rewritten herein.

12.    Defendant denies for want of knowledge the allegations contained in Paragraph 12 of Count XXXIV of Plaintiff's Complaint.

13.    Paragraph 13 of Count XXXIV of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraph 13 of Count XXXIV of Plaintiff's Complaint.

14.    Paragraph 14 of Count XXXIV of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraph 14 of Count XXXIV of Plaintiff's Complaint.

15.    Defendant denies for want of knowledge the allegations contained in Paragraph 15 of Count XXXIV of Plaintiff's Complaint.

16.    Defendant denies for want of knowledge the allegations contained in Paragraph 16 of Count XXXIV of Plaintiff's Complaint.

With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 16 of Count XXXIV of Plaintiff's Complaint, Defendant denies for want of knowledge that Plaintiff is

entitled to any relief demanded in that paragraph.

## COUNT XXXV

### THE ESTATE OF MARK TEETS, M.D. (Wrongful Death)

1.      Defendant denies for want of knowledge the allegations contained in paragraph 1 of Count XXXV of Plaintiff's Complaint.

2.      Defendant denies for want of knowledge the allegations contained in paragraph 2 of Count XXXV of Plaintiff's Complaint.

3.      Defendant denies for want of knowledge the allegations contained in paragraph 3 of Count XXXV of Plaintiff's Complaint.

4.      Defendant denies for want of knowledge the allegations contained in paragraph 4 of Count XXXV of Plaintiff's Complaint.

5.      Defendant states that Bextra® at all times relevant had appropriate information in its FDA approved label.  Defendant denies for want of knowledge the allegations contained in paragraph 5 of Count XXXV of Plaintiff's Complaint.

6.      Defendant denies for want of knowledge the allegations contained in paragraph 6 of Count XXXV of Plaintiff's Complaint.

7.      Defendant denies for want of knowledge the allegations contained in paragraph 7 of Count XXXV of Plaintiff's Complaint.

8.      Defendant denies for want of knowledge the allegations contained in paragraph 8 of Count XXXV of Plaintiff's Complaint.

9.      Paragraph 9 of Count XXXV of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraph 9 of

Count XXXV of Plaintiff's Complaint.

10.    Defendant denies the allegations contained in paragraph 10 of Count XXXV of Plaintiff's Complaint.

11.    Paragraph 11 of Count XXXV of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required. To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraph 11 of Count XXXV of Plaintiff's Complaint.

With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 11 of Count XXXV of Plaintiff's Complaint, Defendant denies for want of knowledge that Plaintiff is entitled to any relief demanded in that paragraph.

## COUNT XXXVI

## THE ESTATE OF MARK TEETS, M.D. (Survival)

1-8.    Defendant incorporates each and every admission and denial set forth in paragraphs 1 through 8 of Count XXXV of Defendant's Answer to Plaintiff's Complaint as though fully rewritten herein.

9.    Defendant denies for want of knowledge the allegations contained in paragraph 9 of Count XXXVI of Plaintiff's Complaint.

10.    Paragraph 10 of Count XXXVI of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required. To the extent a response is required, Defendant denies for want of knowledge the remaining allegations contained in paragraph 10 of Count XXXVI of Plaintiff's Complaint.

11.    Paragraph 11 of Count XXXVI of Plaintiff's Complaint states Plaintiff's own assertions and legal conclusions to which no response is required. To the extent a response is

required, Defendant denies for want of knowledge the allegations contained in paragraph 11 of Count XXXVI of Plaintiff's Complaint.

With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 11 of Count XXXVI of Plaintiff's Complaint, Defendant denies for want of knowledge that Plaintiff is entitled to any relief demanded in that paragraph.

## AFFIRMATIVE DEFENSES

1.    Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.    The Lucas County Court of Common Pleas lacks jurisdiction over the person of this Defendant, Pfizer Inc.

3.    Plaintiff's claims are barred pursuant to the Learned Intermediary Doctrine or the Informed Intermediary Doctrine and/or the principle of the Restatement (Second) of Torts § 388.

4.    Plaintiff's claims against Pfizer are barred under § 6(c) of the Restatement of Torts (Third) Products Liability.

5.    Plaintiff's strict liability claims are barred by the unavoidably dangerous product defense stated in Restatement (Second) of Torts § 402A comment k.

6.    Plaintiff's claims are barred in whole or in part because Pfizer provided adequate "direction or warnings" as to the use of the subject pharmaceutical product within the meaning of comment j to § 402A of the Restatement (Second) of Torts.

7.    Plaintiff's claims are barred in whole or in part because the subject pharmaceutical product at issue "provides net benefits for a class of patients" within the meaning of Comment f to § 6 of the Restatement (Third) of Torts: Products Liability.

8.    Plaintiff's claims are barred under § 4, *et seq.*, of the Restatement (Third) of Torts: Products Liability.

9.    Plaintiff has failed to join a party or parties necessary for the just adjudication of this claim.

10.    Plaintiff and his decedent were contributorily negligent, which contributory negligence constitutes a proximate cause of harm to them.

11.    Plaintiff and his decedent assumed known risks of potential injury.

12.    One or more of Plaintiff's claims for damages are subject to statutory limits on certain types of damages, and this Court is without jurisdiction to enter judgment for Plaintiff beyond the limitations set forth in the Ohio Revised Code.

13.    Plaintiff's claims are barred or otherwise limited by operation of any applicable statute of limitations and/or statute of repose.

14.    This Defendant states that if Plaintiff sustained any or all of the damages complained of, then said damages were solely, directly and proximately caused by the actions of others, including Plaintiff and his decedent, over whom Defendant had no control.

15.    In the event any compensable injury, disease, damage, pain and/or disability is found, the degree of responsibility, negligence, and fault of each person who contributed to said injuries should be determined, and Pfizer should be held liable only for that proportion of the resulting damage which corresponds to its degree of fault, responsibility, or negligence, if any, which fault, responsibility and negligence is expressly denied.

16.    If Pfizer's product(s) was involved in the injuries claimed by Plaintiff, which is denied, upon information and belief, the use of the product was improper or not in accordance with prescribed, correct procedures. Accordingly, the product may have been abused, misused and applied for purposes other than those which were indicated or intended by Pfizer. Pfizer will undertake sufficient discovery to determine the full extent of this defense, and this defense is set

forth to avoid waiving or being estopped to raise and rely on such defense once the facts underlying Plaintiff's claims are established.

17.    Plaintiff's claims are barred by the doctrine of res judicata and/or collateral estoppel.

18.    Plaintiff is not the real party in interest for all of the claimed damages.

19.    Plaintiff is barred from recovering against Pfizer because Plaintiff's claims are preempted in accordance with the supremacy clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 *et. seq.*

20.    To the extent that Plaintiff asserts claims based on this Defendant's alleged adherence or lack of adherence to and compliance with applicable federal laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

21.    The warning, labeling, advertising and sale of Bextra® complied at all times with the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 300 *et seq.* and the Federal Trade Commission Act, 15 U.S.C. § 41 *et seq.* Consequently Plaintiff's Complaint is preempted by these acts and compliance with these acts constitutes a complete or partial defense to the allegations of Plaintiff's Complaint, including any claim for punitive damages. Alternatively, Pfizer is entitled to a presumption that Bextra® is not defective or unreasonably dangerous and that its labeling is adequate.

22.    Plaintiff's claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

23.    Plaintiff's claims are barred in whole or in part by the deference given to the

primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at issue under applicable federal laws, regulations, and rules.

24.    Plaintiff's claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

25.    Plaintiff's claim for punitive damages is unconstitutional and, in the event punitive damages were to be awarded against this Defendant, any such award would violate the United States Constitution, and/or the Constitution of the State of Ohio.

26.    Plaintiff's claim for punitive damages is barred by the proscription of the Eighth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, prohibiting the imposition of excessive fines.

27.    To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the First Amended Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitution of the State of Ohio.  Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3) permits

recovery of punitive-damages based on out-of state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to plaintiff; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiff and to the amount of compensatory damages; if any; (5) permits jury consideration of net worth or other financial information relating to this Defendant; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent.

28.     Plaintiff's claims for breach of warranty, express and implied, against Pfizer are barred based upon the absence of privity.

29.     Plaintiff's claims for breach of warranty, express and implied, are barred by Plaintiff's failure to give reasonable notice of such alleged breaches.

30.     Plaintiff s claims of fraud and concealment are barred by reason of Plaintiff's failure to allege the circumstances constituting the alleged fraud and concealment with particularity.

31.     Pfizer reserves the right to assert any additional affirmative defenses and matters of avoidance as may be disclosed during the course of additional investigation and discovery.

WHEREFORE, having fully answered the Complaint, Defendant Pfizer Inc. requests the Complaint be dismissed with prejudice at Plaintiff's costs, and that Defendant may have judgment for its costs and attorneys' fees herein.

## JURY DEMAND ENDORSEMENT

Defendant requests a trial by jury composed of the maximum number of jurors allowable

by law.

Respectfully submitted,

ROBERT C. TUCKER (0013098)
MATTHEW P. MORIARTY (0028389)
Anne M. Kordas (0065101
ANNE M. KORDAS (0065101)
CHRISTOPHER CARYL (0069676)
TUCKER ELLIS & WEST LLP
1150 Huntington Building
925 Euclid Avenue
Cleveland, Ohio  44113-1475
Telephone:    216.592.5000
Telefax:        216.592.5009
Email: RTucker@tuckerellis.com
            MMoriarty@tuckerellis.com
            AKordas@tuckerellis.com
            CCaryl@tuckerellis.com

*Attorneys for Defendant*
*Pfizer Inc.*

## CERTIFICATE OF SERVICE

A copy of the foregoing *Defendant's Answer to Complaint* was sent by regular U.S. Mail, postage prepaid, this _26th_ day of May, 2005 to:

James T. Ball                                   *Attorneys for Plaintiffs*
120 S. LaSalle Street, Suite 1500
Chicago, Illinois 60603

Steve Serraino
2046 Carriage Hill Drive
Toledo, Ohio 43606-2539

Stephen A. Skiver                               *Attorneys for Defendants Christopher J.*
Gayle K. Beier                                  *Riordan, M.D. and Surgicor, Inc.*
30025 East River Road
Perrysburg, Ohio 43551

John S. Wasung                                  *Attorneys for Virginia Halachanova, M.D. and*
405 Madison Avenue, Suite 1500                  *Paulding County Hospital*
Toledo, Ohio 43604-1235

Gerald Kowalski                                 *Attorneys for Estate of Mark Teets, M.D.*
900 Adams Street
Toledo, Ohio 43624

James R. Knepp, II                              *Attorneys for Defendant St. Vincent Mercy*
Ninth Floor, Four SeaGate                       *Medical Center*
Toledo, Ohio 43604

Amerisourcebergen
c/o Amerisourcebergen Corporation
1300 Morris Drive
Chesterbrook, PA 19087-5594

Amerisourcebergen Drug Corporation
c/o CT Corporation System
1300 East Ninth St.
Cleveland, Ohio 44114

_____
One of the Attorneys for Defendant
Pfizer Inc.

54.