# EXHIBIT
# L

FILED
LUCAS COUNTY

2005 JUN 14  A 10: 38

COMMON PLEAS COURT
BERNIE QUILTER
CLERK OF COURTS

IN THE COURT OF COMMON PLEAS
LUCAS COUNTY, OHIO

| | | |
|---|---|---|
| JOSEPH COOK, as Executor of the Estate of BETTY COOK, Deceased, | ) ) ) | CASE NO. CI0200502452 |
| | ) | JUDGE DONEGHY |
| Plaintiff, | ) ) | |
| v. | ) ) | **ANSWER OF DEFENDANT** |
| | ) | **AMERISOURCEBERGEN DRUG** |
| ST. VINCENT MERCY MEDICAL CENTER, et) al., | ) ) | **CORPORATION TO PLAINTIFF'S** **COMPLAINT** |
| Defendants. | ) ) | **(JURY DEMAND ENDORSED HEREIN)** |
| | ) ) ) | |

Defendant AmerisourceBergen Drug Corporation, also incorrectly identified in Plaintiff's Complaint as separate defendant "AmerisourceBergen" (hereinafter correctly identified as "AmerisourceBergen Drug Corporation"), states for its Answer to Plaintiff's Complaint as follows:

## COUNT I

## ST. VINCENT MERCY MEDICAL CENTER - WRONGFUL DEATH

1.    Defendant states that the allegations contained in Count I of Plaintiff's Complaint are not directed to this defendant, and therefore, no response is required.   To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraphs 1, 2, 3, 4, 5, 6 and 8 of Count I of Plaintiff's Complaint.

2.    Paragraphs 7 and 9 of Count I of Plaintiff's Complaint state Plaintiff's own assertions and legal conclusions to which no response is required.   To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraphs 7 and 9 of Count I of Plaintiff's Complaint.

3.      With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 9 of Count I of Plaintiff's Complaint, Defendant denies for want of knowledge that Plaintiff is entitled to any relief demanded in that paragraph.

## COUNT II

### ST. VINCENT MERCY MEDICAL CENTER - SURVIVAL

4.      Defendant states that the allegations contained in Count II of Plaintiff's Complaint are not directed to this defendant, and therefore, no response is required. To the extent a response is required, Defendant incorporates each and every admission and denial set forth in response to paragraphs 1 through 6 of Count I of Defendant's Answer to Plaintiff's Complaint as though fully rewritten herein. Further answering, Defendant denies for want of knowledge the allegations contained in paragraph 7 of Count II of Plaintiff's Complaint.

5.      Paragraphs 8 and 9 of Count II of Plaintiff's Complaint state Plaintiff's own assertions and legal conclusions to which no response is required. To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraphs 8 and 9 of Count II of Plaintiff's Complaint.

6.      With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 9 of Count II of Plaintiff's Complaint, Defendant denies for want of knowledge that Plaintiff is entitled to any relief demanded in that paragraph.

## COUNT III

### CHRISTOPHER RIORDAN, M.D. - WRONGFUL DEATH

7.      Defendant states that the allegations contained in Count III of Plaintiff's Complaint are not directed to this defendant, and therefore, no response is required. To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraphs 1, 2, 3, 4, 5, 6, 7, 8 and 10 of Count III of Plaintiff's Complaint.

2.

8.    Paragraphs 9 and 11 of Count III of Plaintiff's Complaint state Plaintiff's own assertions and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraphs 9 and 11 of Count III of Plaintiff's Complaint.

9.    With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 11 of Count III of Plaintiff's Complaint, Defendant denies for want of knowledge that Plaintiff is entitled to any relief demanded in that paragraph.

## COUNT IV

### CHRISTOPHER RIORDAN, M.D. – SURVIVAL

10.    Defendant states that the allegations contained in Count IV of Plaintiff's Complaint are not directed to this Defendant, and therefore, no response is required.  To the extent a response is required, Defendant incorporates each and every admission and denial set forth in response to paragraphs 1 through 8 of Count III of Defendant's Answer to Plaintiff's Complaint as though fully rewritten herein.  Further answering, Defendant denies for want of knowledge the allegations contained in paragraph 9 of Count IV of Plaintiff's Complaint.

11.    Paragraphs 10 and 11 of Count IV of Plaintiff's Complaint state Plaintiff's own assertions and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraphs 10 and 11 of Count IV of Plaintiff's Complaint.

12.    With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 11 of Count IV of Plaintiff's Complaint, Defendant denies for want of knowledge that Plaintiff is entitled to any relief demanded in that paragraph.

## COUNT V

## SURGICOR, INC. – WRONGFUL DEATH

13.     Defendant states that the allegations contained in Count V of Plaintiff's Complaint are not directed to this defendant, and therefore, no response is required. To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10 and 12 of Count V of Plaintiff's Complaint.

14.     Paragraphs 11 and 13 of Count V of Plaintiff's Complaint state Plaintiff's own assertions and legal conclusions to which no response is required. To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraphs 11 and 13 of Count V of Plaintiff's Complaint.

15.     With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 13 of Count V of Plaintiff's Complaint, Defendant denies for want of knowledge that Plaintiff is entitled to any relief demanded in that paragraph.

## COUNT VI

## SURGICOR, INC. – SURVIVAL

16.     Defendant states that the allegations contained in Count VI of Plaintiff's Complaint are not directed to this defendant, and therefore, no response is required. To the extent a response is required, Defendant incorporates each and every admission and denial set forth in response to paragraphs 1 through 10 of Count V of Defendant's Answer to Plaintiff's Complaint as though fully rewritten herein. Further answering, Defendant denies for want of knowledge the allegations contained in paragraph 11 of Count VI of Plaintiff's Complaint.

17.     Paragraphs 12 and 13 of Count VI of Plaintiff's Complaint state Plaintiff's own assertions and legal conclusions to which no response is required. To the extent a response is

4.

required, Defendant denies for want of knowledge the allegations contained in paragraphs 12 and 13 of Count VI of Plaintiff's Complaint.

18.    With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 13 of Count VI of Plaintiff's Complaint, Defendant denies for want of knowledge that Plaintiff is entitled to any relief demanded in that paragraph.

## COUNT VII

## VIRGINIA HALACHANOVA, M.D. - WRONGFUL DEATH

19.    Defendant states that the allegations contained in Count VII of Plaintiff's Complaint are not directed to this defendant, and therefore, no response is required.  To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraphs  1, 2, 3, 4, 5, 6, 7, 8 and 10 of Count VII of Plaintiff's Complaint.

20.    Paragraphs 9 and 11 of Count VII of Plaintiff's Complaint state Plaintiff's own assertions and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraphs 9 and 11 of Count VII of Plaintiff's Complaint.

21.    With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 11 of Count VII of Plaintiff's Complaint, Defendant denies for want of knowledge that Plaintiff is entitled to any relief demanded in that paragraph.

## COUNT VIII

## VIRGINIA HALACHANOVA, M.D. - SURVIVAL

22.    Defendant states that the allegations contained in Count VIII of Plaintiff's Complaint are not directed to this defendant, and therefore, no response is required.  To the extent a response is required, Defendant incorporates each and every admission and denial set

forth in response to paragraphs 1 through 8 of Count VII of Defendant's Answer to Plaintiff's Complaint as though fully rewritten herein.  Further answering, Defendant denies for want of knowledge the allegations contained in paragraph 9 of Count VIII of Plaintiff's Complaint.

23.    Paragraphs 10 and 11 of Count VIII of Plaintiff's Complaint state Plaintiff's own assertions and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraphs 10 and 11 of Count VIII of Plaintiff's Complaint.

24.    With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 11 of Count VIII of Plaintiff's Complaint, Defendant denies for want of knowledge that Plaintiff is entitled to any relief demanded in that paragraph.

## COUNT IX

### PAULDING COUNTY HOSPITAL - WRONGFUL DEATH

25.    Defendant states that the allegations contained in Count IX of Plaintiff's Complaint are not directed to this defendant, and therefore, no response is required.  To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10 and 12 of Count IX of Plaintiff's Complaint.

26.    Paragraphs 11 and 13 of Count IX of Plaintiff's Complaint state Plaintiff's own assertions and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraphs 11 and 13 of Count IX of Plaintiff's Complaint.

27.    With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 13 of Count IX of Plaintiff's Complaint, Defendant denies for want of knowledge that Plaintiff is entitled to any relief demanded in that paragraph.

## COUNT X

## PAULDING COUNTY HOSPITAL - SURVIVAL

28. Defendant states that the allegations contained in Count X of Plaintiff's Complaint are not directed to this defendant, and therefore, no response is required. To the extent a response is required, Defendant incorporates each and every admission and denial set forth in response to paragraphs 1 through 10 of Count IX of Defendant's Answer to Plaintiff's Complaint as though fully rewritten herein. Further answering, Defendant denies for want of knowledge the allegations contained in paragraph 11 of Count X of Plaintiff's Complaint.

29. Paragraphs 12 and 13 of Count X of Plaintiff's Complaint state Plaintiff's own assertions and legal conclusions to which no response is required. To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraphs 12 and 13 of Count X of Plaintiff's Complaint.

30. With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 13 of Count X of Plaintiff's Complaint, Defendant denies for want of knowledge that Plaintiff is entitled to any relief demanded in that paragraph.

## COUNT XI

## PFIZER - NEGLIGENCE (Wrongful Death)

31. Defendant states that the allegations contained in Count XI of Plaintiff's Complaint are not directed to this defendant, and therefore, no response is required. To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 10 and 12 of Count XI of Plaintiff's Complaint

32. Paragraphs 9 and 11 of Count XI of Plaintiff's Complaint state Plaintiff's own assertions and legal conclusions to which no response is required. To the extent a response is

required, Defendant denies for want of knowledge the allegations contained in paragraphs 9 and 11 of Count XI of Plaintiff's Complaint.

33.     With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 12 of Count XI of Plaintiff's Complaint, Defendant denies for want of knowledge that Plaintiff is entitled to any relief demanded in that paragraph.

## <u>COUNT XII</u>

### <u>PFIZER - NEGLIGENCE</u>

34.     Defendant states that the allegations contained in Count XII of Plaintiff's Complaint are not directed to this defendant, and therefore, no response is required.  To the extent a response is required, Defendant incorporates each and every admission and denial set forth in response to paragraphs 1 through 8 of Count XI of Defendant's Answer to Plaintiff's Complaint as though fully rewritten herein.  Further answering, Defendant denies for want of knowledge the allegations contained in paragraphs 9 and 12 of Count XII of Plaintiff's Complaint.

35.     Paragraphs 10 and 11 of Count XII of Plaintiff's Complaint state Plaintiff's own assertions and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraphs 10 and 11 of Count XII of Plaintiff's Complaint.

36.     With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 12 of Count XII of Plaintiff's Complaint, Defendant denies for want of knowledge that Plaintiff is entitled to any relief demanded in that paragraph.

## COUNT XIII

### PFIZER – STRICT LIABILITY (Failure to Warn) (Wrongful Death)

37.     Defendant states that the allegations contained in Count XIII of Plaintiff's Complaint are not directed to this defendant, and therefore, no response is required.  To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 10 and 12 of Count XIII of Plaintiff's Complaint.

38.     Paragraphs 9 and 11 of Count XIII of Plaintiff's Complaint state Plaintiff's own assertions and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraphs 9 and 11 of Count XIII of Plaintiff's Complaint.

39.     With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 12 of Count XIII of Plaintiff's Complaint, Defendant denies for want of knowledge that Plaintiff is entitled to any relief demanded in that paragraph.

## COUNT XIV

### PFIZER – STRICT LIABILITY (Failure to Warn) (Survival)

40.     Defendant states that the allegations contained in Count XIV of Plaintiff's Complaint are not directed to this defendant, and therefore, no response is required.  To the extent a response is required, Defendant incorporates each and every admission and denial set forth in response to paragraphs 1 through 8 of Count XIII of Defendant's Answer to Plaintiff's Complaint as though fully rewritten herein.  Further answering, Defendant denies for want of knowledge the allegations contained in paragraphs 9 and 12 of Count XIV of Plaintiff's Complaint.

41.    Paragraphs 10 and 11 of Count XIV of Plaintiff's Complaint state Plaintiff's own assertions and legal conclusions to which no response is required. To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraphs 10 and 11 of Count XIV of Plaintiff's Complaint.

42.    With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 12 of Count XIV of Plaintiff's Complaint, Defendant denies for want of knowledge that Plaintiff is entitled to any relief demanded in that paragraph.

## COUNT XV

### PFIZER – STRICT LIABILITY (Design Defect) (Wrongful Death)

43.    Defendant states that the allegations contained Count XV of Plaintiff's Complaint are not directed to this defendant, and therefore, no response is required. To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 15, and 17 of Count XV of Plaintiff's Complaint.

44.    Paragraphs 14 and 16 of Count XV of Plaintiff's Complaint state Plaintiff's own assertions and legal conclusions to which no response is required. To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraphs 14 and 16 of Count XV of Plaintiff's Complaint.

45.    With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 17 of Count XV of Plaintiff's Complaint, Defendant denies for want of knowledge that Plaintiff is entitled to any relief demanded in that paragraph.

## COUNT XVI

### PFIZER – STRICT LIABILITY (Design Defect) (Survival)

46.     Defendant states that the allegations contained in Count XVI of Plaintiff's Complaint are not directed to this defendant, and therefore, no response is required.  To the extent a response is required, Defendant incorporates each and every admission and denial set forth in response to paragraphs 1 through 13 of Count XV of Defendant's Answer to Plaintiff's Complaint as though fully rewritten herein.  Further answering, Defendant denies for want of knowledge the allegations contained in paragraphs 14 and 17 of Count XVI of Plaintiff's Complaint.

47.     Paragraphs 15 and 16 of Count XVI of Plaintiff's Complaint state Plaintiff's own assertions and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies for want of knowledge the remaining allegations contained in paragraphs 15 and 16 of Count XVI of Plaintiff's Complaint.

48.     With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 17 of Count XVI of Plaintiff's Complaint, Defendant denies for want of knowledge that Plaintiff is entitled to any relief demanded in that paragraph.

## COUNT XVII

### PFIZER – MISREPRESENTATION AND FRAUD (Wrongful Death)

49.     Defendant states that the allegations contained Count XVII of Plaintiff's Complaint are not directed to this defendant, and therefore, no response is required.  To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9,10, 11, 12, 13, 15 and 17 of Count XVII of Plaintiff's Complaint.

50.    Paragraphs 14 and 16 of Count XVII of Plaintiff's Complaint state Plaintiff's own assertions and legal conclusions to which no response is required. To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraphs 14 and 16 of Count XVII of Plaintiff's Complaint.

51.    With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 17 of Count XVII of Plaintiff's Complaint, Defendant denies for want of knowledge that Plaintiff is entitled to any relief demanded in that paragraph.

## COUNT XVIII

### PFIZER – MISREPRESENTATION AND FRAUD (Survival)

52.    Defendant states that the allegations contained in Count XVIII of Plaintiff's Complaint are not directed to this defendant, and therefore, no response is required. To the extent a response is required, Defendant incorporates each and every admission and denial set forth in response to paragraphs 1 through 13 of Count XVII of Defendant's Answer to Plaintiff's Complaint as though fully rewritten herein. Further answering, Defendant denies for want of knowledge the allegations contained in paragraphs 14 and 17 of Count XVIII of Plaintiff's Complaint.

53.    Paragraphs 15 and 16 of Count XVIII of Plaintiff's Complaint state Plaintiff's own assertions and legal conclusions to which no response is required. To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraphs 15 and 16 of Count XVIII of Plaintiff's Complaint.

54.    With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 17 of Count XVIII of Plaintiff's Complaint, Defendant denies for want of knowledge that Plaintiff is entitled to any relief demanded in that paragraph.

## COUNT XIX

### PFIZER – BREACH OF WARRANTY (Wrongful Death)

55.    Defendant states that the allegations contained in Count XIX of Plaintiff's Complaint are not directed to this defendant, and therefore, no response is required. To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 12 and 14 of Count XIX of Plaintiff's Complaint.

56.    Paragraphs 11 and 13 of Count XIX of Plaintiff's Complaint state Plaintiff's own assertions and legal conclusions to which no response is required. To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraphs 11 and 13 of Count XIX of Plaintiff's Complaint.

57.    With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 14 of Count XIX of Plaintiff's Complaint, Defendant denies for want of knowledge that Plaintiff is entitled to any relief demanded in that paragraph.

## COUNT XX

### PFIZER – BREACH OF WARRANTY (Survival)

58.    Defendant states that the allegations contained in Count XX of Plaintiff's Complaint are not directed to this defendant, and therefore, no response is required. To the extent a response is required, Defendant incorporates each and every admission and denial set forth in response to paragraphs 1 through 10 of Count XIX of Defendant's Answer to Plaintiff's Complaint as though fully rewritten herein. Further answering, Defendant denies for want of knowledge the allegations contained in paragraphs 11 and 14 of Count XX of Plaintiff's Complaint.

13.

59.    Paragraphs 12 and 13 of Count XX of Plaintiff's Complaint state Plaintiff's own assertions and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies for want of knowledge for the allegations contained in paragraphs 12 and 13 of Count XX of Plaintiff's Complaint.

60.    With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 14 of Count XX of Plaintiff's Complaint, Defendant denies for want of knowledge that Plaintiff is entitled to any relief demanded in that paragraph.

## COUNT XXI

### PFIZER – VIOLATION OF THE OHIO CONSUMER SALES PRACTICES ACT
### (Wrongful Death)

61.    Defendant states that the allegations contained in Count XXI of Plaintiff's Complaint are not directed to this defendant, and therefore, no response is required.  To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraphs 1, 2, 3, 4, 6, 7, 8, 9, 10, 11, 13, 15 and 16 of Count XXI of Plaintiff's Complaint.

62.    Plaintiff's Complaint contains no allegation in paragraph 5 of Count XXI of Plaintiff's Complaint therefore no response is necessary nor provided.

63.    Paragraphs 12 and 14 of Count XXI of Plaintiff's Complaint state Plaintiff's own assertions and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraphs 12 and 14 of Count XXI of Plaintiff's Complaint.

64.    With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 16 of Count XXI of Plaintiff's Complaint, Defendant denies for want of knowledge that Plaintiff is entitled to any relief demanded in that paragraph.

## COUNT XXII

## PFIZER – VIOLATION OF THE OHIO CONSUMER SALES PRACTICES ACT
### (Survival)

65.     Defendant states that the allegations contained in Count XXII of Plaintiff's Complaint are not directed to this defendant, and therefore, no response is required.  To the extent a response is required, Defendant incorporates each and every admission and denial set forth in response to paragraphs 1 through 11 of Count XXI of Defendant's Answer to Plaintiff's Complaint as though fully rewritten herein.  Further answering, Defendant denies for want of knowledge the allegations contained in paragraphs 12, 15 and 16 of Count XXII of Plaintiff's Complaint.

66.     Paragraphs 13 and 14 of Count XXII of Plaintiff's Complaint state Plaintiff's own assertions and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraphs 13 and 14 of Count XXII of Plaintiff's Complaint.

67.     With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 16 of Count XXII of Plaintiff's Complaint, Defendant denies for want of knowledge that Plaintiff is entitled to any relief demanded in that paragraph.

## COUNT XXIII

## AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION - NEGLIGENCE (Wrongful Death)

68.     Defendant admits that, at times, it distributed the drug Bextra®.  Defendant denies the remaining allegations contained in paragraph 1 of Count XXIII of Plaintiff's Complaint.

15.

69.    Defendant states that it exercised due care in its distribution of Bextra®. Defendant denies the remaining allegations of paragraphs 2, 3 (including all subparts), 4, 8 and 12 of Count XXIII of Plaintiff's Complaint.

70.    Defendant denies for want of knowledge the allegations contained in paragraphs 5, 6, 7 and 10 of Count XXIII of Plaintiff's Complaint.

71.    Paragraphs 9 and 11 of Count XXIII of Plaintiff's Complaint state Plaintiff's own assertions and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraphs 9 and 11 of Count XXIII of Plaintiff's Complaint.

72.    With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 12 of Count XXIII of Plaintiff's Complaint, Defendant denies that Plaintiff is entitled to any relief, including punitive damages, demanded in that paragraph.

## COUNT XXIV

## AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION - NEGLIGENCE

73.    Defendant incorporates each and every admission and denial set forth in response to paragraphs 1 through 8 of Count XXIII of Defendant's Answer to Plaintiff's Complaint as though fully rewritten herein.

74.    Defendant denies the allegations contained in paragraphs 9 and 12 of Count XXIV of Plaintiff's Complaint.

75.    Paragraphs 10 and 11 of Count XXIV of Plaintiff's Complaint state Plaintiff's own assertions and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraphs 10 and 11 of Count XXIV of Plaintiff's Complaint.

76.     With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 12 of Count XXIV of Plaintiff's Complaint, Defendant denies that Plaintiff is entitled to any relief, including punitive damages, demanded in that paragraph.

## COUNT XXV

### AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION – STRICT LIABILITY (Failure to Warn) (Wrongful Death)

77.     Defendant admits that, at times, it distributed the drug Bextra®. Defendant denies the remaining allegations contained in paragraph 1 of Count XXV of Plaintiff's Complaint.

78.     Defendant denies that it had duties as described in paragraphs 2 and 3 of Count XXV of Plaintiff's Complaint. Defendant denies the remaining allegations of paragraphs 2 and 3 of Count XXV of Plaintiff's Complaint.

79.     Defendant denies that it manufactured Bextra® and that it had the duties as described in paragraph 4 of Count XXV of Plaintiff's Complaint. Defendant denies the remaining allegations contained in paragraph 4 of Count XXV of Plaintiff's Complaint.

80.     Defendant denies for want of knowledge the allegations contained in paragraphs 5, 6, 7 and 10 of Count XXV of Plaintiff's Complaint.

81.     Defendant denies the allegations contained in paragraph 8 of Count XXV of Plaintiff's Complaint.

82.     Paragraphs 9 and 11 of Count XXV of Plaintiff's Complaint state Plaintiff's own assertions and legal conclusions to which no response is required. To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraphs 9 and 11 of Count XXV of Plaintiff's Complaint.

83.    With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 12 of Count XXV of Plaintiff's Complaint, Defendant denies that Plaintiff is entitled to any relief, including punitive damages, demanded in that paragraph.

## COUNT XXVI

### AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION – STRICT LIABILITY (Failure to Warn) (Survival)

84.    Defendant incorporates each and every admission and denial set forth in response to paragraphs 1 through 8 of Count XXV of Defendant's Answer to Plaintiff's Complaint as though fully rewritten herein.

85.    Defendant denies the allegations contained in paragraphs 9 and 12 of Count XXVI of Plaintiff's Complaint.

86.    Paragraphs 10 and 11 of Count XXVI of Plaintiff's Complaint state Plaintiff's own assertions and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraphs 10 and 11 of Count XXVI of Plaintiff's Complaint.

87.    With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 12 of Count XXVI of Plaintiff's Complaint, Defendant denies that Plaintiff is entitled to any relief, including punitive damages, demanded in that paragraph.

## COUNT XXVII

### AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION – STRICT LIABILITY (Design Defect) (Wrongful Death)

88.    Defendant admits that, at times, it distributed the drug Bextra® and that it was expected to reach the end user without substantial change in its condition.  Defendant denies the

remaining allegations contained in paragraphs 1, 2 and 6 of Count XXVII of Plaintiff's Complaint.

89.    Defendant denies for want of knowledge the allegations contained in paragraphs 3, 4, 5, 7, 8, 9 and 15 of Count XXVII of Plaintiff's Complaint.

90.    Defendant denies the allegations contained in paragraphs 10, 11, 12, 13, 15 and 17 of Count XXVII of Plaintiff's Complaint.

91.    Paragraphs 14 and 16 of Count XXVII of Plaintiff's Complaint state Plaintiff's own assertions and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies for want of knowledge the remaining allegations contained in paragraphs 14 and 16 of Count XXVII of Plaintiff's Complaint.

92.    With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 17 of Count XXVII of Plaintiff's Complaint, Defendant denies that Plaintiff is entitled to any relief, including punitive damages, demanded in that paragraph.

## COUNT XXVIII

## AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION – STRICT LIABILITY (Design Defect) (Survival)

93.    Defendant incorporates each and every admission and denial set forth in response to paragraphs 1 through 13 of Count XXVII of Defendant's Answer to Plaintiff's Complaint as though fully rewritten herein.

94.    Defendant denies the allegations contained in paragraphs 14 and 17 of Count XXVIII of Defendant's Answer to Plaintiff's Complaint.

95.    Paragraphs 15 and 16 of Count XXVIII of Plaintiff's Complaint state Plaintiff's own assertions and legal conclusions to which no response is required.  To the extent a response

is required, Defendant denies for want of knowledge the allegations contained in paragraphs 15 and 16 of Count XXVIII of Plaintiff's Complaint.

96.    With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 17 of Count XXVIII of Plaintiff's Complaint, Defendant denies that Plaintiff is entitled to any relief, including punitive damages, demanded in that paragraph.

## COUNT XXIX

### AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION – MISREPRESENTATION AND FRAUD (Wrongful Death)

97.    Defendant admits that, at times, it distributed the drug Bextra®. Defendant denies the remaining allegations contained in paragraph 1 of Count XXIX of Plaintiff's Complaint.

98.    Defendant denies the allegations contained in paragraphs 2, 3 (including all subparts), 4, 5, 6, 7, 8, 9, 13 and 17 of Count XXIX of Plaintiff's Complaint.

99.    Defendant denies for want of knowledge the allegations contained in paragraphs 10, 11, 12 and 15 of Count XXIX of Plaintiff's Complaint.

100.    Paragraphs 14 and 16 of Count XXIX of Plaintiff's Complaint state Plaintiff's own assertions and legal conclusions to which no response is required. To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraphs 14 and 16 of Count XXIX of Plaintiff's Complaint.

101.    With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 17 of Count XXIX of Plaintiff's Complaint, Defendant denies that Plaintiff is entitled to any relief, including punitive damages, demanded in that paragraph.

## COUNT XXX

### AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION – MISREPRESENTATION AND FRAUD (Survival)

102.    Defendant incorporates each and every admission and denial set forth in response to paragraphs 1 through 13 of Count XXIX of Defendant's Answer to Plaintiff's Complaint as though fully rewritten herein.

103.    Defendant denies the allegations contained in paragraphs 14 and 17 of Count XXX of Plaintiff's Complaint.

104.    Paragraphs 15 and 16 of Count XXX of Plaintiff's Complaint state Plaintiff's own assertions and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraphs 15 and 16 of Count XXX of Plaintiff's Complaint.

105.    With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 17 of Count XXX of Plaintiff's Complaint, Defendant denies that Plaintiff is entitled to any relief, including punitive damages, demanded in that paragraph.

## COUNT XXXI

### AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION – BREACH OF WARRANTY (Wrongful Death)

106.    Defendant admits that, at times, it distributed the drug Bextra®.  Defendant denies the remaining allegations contained in paragraphs 1 and 2 of Count XXXI of Plaintiff's Complaint.

107.    Defendant denies the allegations contained in paragraphs 3, 4, 5, 6, 10 and 14 of Count XXXI of Plaintiff's Complaint.

21.

108.    Defendant denies for want of knowledge the allegations contained in paragraphs 7, 8, 9 and 12 of Count XXXI of Plaintiff's Complaint.

109.    Paragraphs 11 and 13 of Count XXXI of Plaintiff's Complaint state Plaintiff's own assertions and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraphs 11 and 13 of Count XXXI of Plaintiff's Complaint.

110.    With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 14 of Count XXXI of Plaintiff's Complaint, Defendant denies that Plaintiff is entitled to any relief , including punitive damages, demanded in that paragraph.

## COUNT XXXII

### AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION – BREACH OF WARRANTY (Survival)

111.    Defendant incorporates each and every admission and denial set forth in response to paragraphs 1 through 10 of Count XXXI of Defendant's Answer to Plaintiff's Complaint as though fully rewritten herein.

112.    Defendant denies the allegations contained in paragraphs 11 and 14 of Count XXXII of Plaintiff's Complaint.

113.    Paragraphs 12 and 13 of Count XXXII of Plaintiff's Complaint state Plaintiff's own assertions and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraphs 12 and 13 of Count XXXII of Plaintiff's Complaint.

114.    With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 14 of Count XXXII of Plaintiff's Complaint, Defendant denies that Plaintiff is entitled to any relief , including punitive damages, demanded in that paragraph.

22.

## COUNT XXXIII

## AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION – VIOLATION OF THE OHIO CONSUMER SALES PRACTICES ACT (Wrongful Death)

115.    Defendant admits that, at times, it distributed the drug Bextra®. Defendant denies that it violated any portion of the Ohio Consumer Sales Practices Act. Defendant further denies the remaining allegations contained in paragraphs 1, 2, 3 and 4 of Count XXXIII of Plaintiff's Complaint.

116.    Defendant denies the allegations contained in paragraphs 6, 7, 11, 15 and 16 of Count XXXIII of Plaintiff's Complaint.

117.    Plaintiff's Complaint contains no allegation in paragraph 5 of Count XXXIII of Plaintiff's Complaint therefore no response is necessary nor provided.

118.    Defendant denies for want of knowledge the allegations contained in paragraphs 8, 9, 10 and 13 of Count XXXIII of Plaintiff's Complaint.

119.    Paragraphs 12 and 14 of Count XXXIII of Plaintiff's Complaint state Plaintiff's own assertions and legal conclusions to which no response is required. To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraphs 12 and 14 of Count XXXIII of Plaintiff's Complaint.

120.    With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 16 of Count XXXIII of Plaintiff's Complaint, Defendant denies that Plaintiff is entitled to any relief, including punitive damages, demanded in that paragraph.

## COUNT XXXIV

### AMERISOURCEBERGEN AND/OR AMERISOURCEBERGEN DRUG CORPORATION – VIOLATION OF THE OHIO CONSUMER SALES PRACTICES ACT (Survival)

121.    Defendant incorporates each and every admission and denial set forth in response to paragraphs 1 through 11 of Count XXXIII of Defendant's Answer to Plaintiff's Complaint as though fully rewritten herein.

122.    Defendant denies the allegations contained in Paragraphs 12, 15 and 16 of Count XXXIV of Plaintiff's Complaint.

123.    Paragraphs 13 and 14 of Count XXXIV of Plaintiff's Complaint state Plaintiff's own assertions and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in paragraphs 13 and 14 of Count XXXIV of Plaintiff's Complaint.

124.    With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 16 of Count XXXIV of Plaintiff's Complaint, Defendant denies for want of knowledge that Plaintiff is entitled to any relief , including punitive damages, demanded in that paragraph.

## COUNT XXXV

### THE ESTATE OF MARK TEETS, M.D. (Wrongful Death)

125.    Defendant states that the allegations contained in Count XXXV of Plaintiff's Complaint are not directed to this Defendant, and therefore, no response is required.  To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraphs 1, 2, 3, 4, 5, 6, 7, 8 and 10 of Count XXXV of Plaintiff's Complaint.

126.    Paragraphs 9 and 11 of Count XXXV of Plaintiff's Complaint state Plaintiff's own assertions and legal conclusions to which no response is required.  To the extent a response

is required, Defendant denies for want of knowledge the allegations contained in paragraphs 9 and 11 of Count XXXV of Plaintiff's Complaint.

127.    With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 11 of Count XXXV of Plaintiff's Complaint, Defendant denies for want of knowledge that Plaintiff is entitled to any relief demanded in that paragraph.

## COUNT XXXVI

## THE ESTATE OF MARK TEETS, M.D. (Survival)

128.    Defendant states that the allegations contained in Count XXXVI of Plaintiff's Complaint are not directed to this defendant, and therefore, no response is required.  To the extent a response is required, Defendant incorporates each and every admission and denial set forth in response to paragraphs 1 through 8 of Count XXXV of Defendant's Answer to Plaintiff's Complaint as though fully rewritten herein.  Further answering, Defendant denies for want of knowledge the allegations contained in paragraph 9 of Count XXXVI of Plaintiff's Complaint.

129.    Paragraphs 10 and 11 of Count XXXVI of Plaintiff's Complaint state Plaintiff's own assertions and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies for want of knowledge the allegations contained in paragraphs 10 and 11 of Count XXXVI of Plaintiff's Complaint.

130.    With regard to Plaintiff's unnumbered WHEREFORE clause following paragraph 11 of Count XXXVI of Plaintiff's Complaint, Defendant denies for want of knowledge that Plaintiff is entitled to any relief demanded in that paragraph.

## AFFIRMATIVE DEFENSES

1.    Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.      The Lucas County Court of Common Pleas lacks jurisdiction over this defendant.

3.      Plaintiff has failed to join a party or parties necessary for the just adjudication of this claim.

4.      Plaintiff's claims are barred or otherwise limited by operation of any applicable statute of limitations and/or statute of repose.

5.      Plaintiff's claims are barred by the doctrine of res judicata and/or collateral estoppel.

6.      Plaintiff is not the real party in interest for all of the claimed damages.

7.      Any injuries or expenses incurred by Plaintiff and his decedent were not caused by Bextra®, but were proximately caused, in whole or in part, by an underlying disease, idiosyncratic reaction or operation of nature.

8.      Plaintiff's decedent's alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Bextra®.

9.      Plaintiff and his decedent were contributorily negligent, which contributory negligence constitutes a proximate cause of harm to them.

10.     Plaintiff and his decedent assumed known risks of potential injury.

11.     Plaintiff's causes of action are barred because a reasonable purchaser and/or consumer would have been aware of the alleged risks of Bextra® or because Plaintiff and his decedent knew of the alleged risks of Bextra®.

12.     Plaintiff's and Plaintiff's decedent's' alleged injuries/damages, if any, were the result of misuse or abnormal use of the product Bextra®.

13.     Defendant states that if Plaintiff's decedent sustained any or all of the damages complained of, then said damages were not the result of any negligence on the part of Defendant.

14.     Defendant states that if Plaintiff's decedent sustained any or all of the damages complained of, then said damages were not proximately caused by any act or omission by Defendant.

15.     Plaintiff's decedent's alleged injuries/damages were not caused by any failure to warn on the part of Defendant.

16.     Defendant affirmatively denies that it violated any duty owed to Plaintiff or his decedent.

17.     Defendant states that if Plaintiff sustained any or all of the damages complained of, then said damages were solely, directly and proximately caused by the actions of others, including Plaintiff and his decedent, over whom Defendant had no control.

18.     In the event any compensable injury, disease, damage, pain and/or disability is found, the degree of responsibility, negligence, and fault of each person who contributed to said injuries should be determined, and AmerisourceBergen Drug Corporation should be held liable only for that proportion of the resulting damage which corresponds to its degree of fault, responsibility, or negligence, if any, which fault, responsibility and negligence is expressly denied.

19.     Plaintiff's claims against AmerisourceBergen Drug Corporation are barred under § 6(e) of the Restatement of Torts (Third) Products Liability.

20.     Plaintiff's claims are barred pursuant to the Learned Intermediary Doctrine or the Informed Intermediary Doctrine and/or the principle of § 388 of the Restatement (Second) of Torts.

21.     Plaintiff's strict liability claims are barred by the unavoidably dangerous product defense stated in Comment K § 402A of the Restatement (Second) of Torts.

22.     Plaintiff's claims are barred in whole or in part because Plaintiff's decedent was provided adequate "direction or warnings" as to the use of the subject pharmaceutical product within the meaning of Comment j to § 402A of the Restatement (Second) of Torts.

23.     Plaintiff's claims are barred under § 4, *et seq.*, of the Restatement (Third) of Torts: Products Liability.

24.     Plaintiff's claims against Defendant are subject and governed by the provisions of the Ohio Products Liability Act O.R.C. §§ 2307.71, *et seq.* and the amendments thereto, and Defendant is entitled to all defenses and recovery limitations pursuant to those laws.

25.     One or more of Plaintiff's claims for damages are subject to statutory limits on certain types of damages, and this Court is without jurisdiction to enter judgment for Plaintiff beyond the limitations set forth in the Ohio Revised Code.

26.     Plaintiff is barred from recovering against AmerisourceBergen Drug Corporation because Plaintiff's claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 *et. seq.*

27.     To the extent that Plaintiff asserts claims based on Defendant's alleged adherence or lack of adherence to and compliance with applicable federal laws, regulations, and rules, such claims are preempted by federal law under the Supremacy Clause of the United States Constitution.

28.     The warning, labeling, advertising and sale of Bextra® complied at all times with the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 300 *et seq.* and the Federal Trade Commission Act, 15 U.S.C. § 41 *et seq.* Consequently Plaintiff's Complaint is preempted by these acts and compliance with these acts constitutes a complete or partial defense to the allegations of Plaintiff's Complaint, including any claim for punitive damages. Alternatively,

AmerisourceBergen Drug Corporation is entitled to a presumption that Bextra® is not defective or unreasonably dangerous and that it's labeling is adequate.

29.    Plaintiff's claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

30.    Plaintiff's claims are barred in whole or in part by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at issue under applicable federal laws, regulations, and rules.

31.    Plaintiff's claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

32.    Senate Bill 179 and Senate Bill 80, now codified in various sections throughout the Ohio Revised Code, bar or limit one or more of Plaintiff's claims.

33.    Plaintiff's claims for breach of warranty, express and implied, against AmerisourceBergen Drug Corporation are barred based upon the absence of privity.

34.    Plaintiff's claims for breach of warranty, express and implied, are barred by Plaintiff's failure to give reasonable notice of such alleged breaches. Plaintiff's claims for breach of warranty, express and implied, against AmerisourceBergen Drug Corporation are barred based upon the absence of privity.

35.    Plaintiff's claims for breach of warranty, express and implied, are barred by Plaintiff's failure to give reasonable notice of such alleged breaches.

36.    Plaintiff's claims for punitive damages, which are denied, are subject to limitations set forth in the Ohio Revised Code Section 2315.21.

37.    Plaintiff's claim for punitive damages is unconstitutional and, in the event punitive damages were to be awarded against Defendant, any such award would violate the United States Constitution, and/or the Constitution of the State of Ohio.

38.    Plaintiff's claim for punitive damages is barred by the proscription of the Eighth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, prohibiting the imposition of excessive fines.

39.    To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Plaintiff's Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitution of the State of Ohio.  Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3) permits recovery of punitive-damages based on out-of state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiff or his decedent; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiff or his decedent and to the amount of compensatory damages; if any; (5) permits jury consideration of net worth or other financial information relating to Defendant; (6) lacks constitutionally sufficient standards to be

30.

applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent.

40.    Plaintiff's claims of fraud and concealment are barred by reason of Plaintiff's failure to allege the circumstances constituting the alleged fraud and concealment with particularity.

41.    Defendant AmerisourceBergen Drug Corporation reserves the right to assert any additional affirmative defenses and matters of avoidance as may be disclosed during the course of additional investigation and discovery.

WHEREFORE, having fully answered the Complaint, Defendant AmerisourceBergen Drug Corporation requests the Complaint be dismissed with prejudice at Plaintiff's costs, and that Defendant may have judgment for its costs and attorneys' fees herein.

Respectfully submitted,

ROBERT C. TUCKER (0013098)
MATTHEW P. MORIARTY (0028389)
ANNE M. KORDAS (0065101)
TUCKER ELLIS & WEST LLP
1150 Huntington Building
925 Euclid Avenue
Cleveland, Ohio  44113-1475
Telephone:     216.592.5000
Telefax:         216.592.5009
Email: RTucker@tuckerellis.com
         MMoriarty@tuckerellis.com
         AKordas@tuckerellis.com

Attorneys for Defendant
AmerisourceBergen Drug Corporation and Pfizer
Inc.

31.

## JURY DEMAND ENDORSEMENT

Defendant requests a trial by jury composed of the maximum number of jurors allowable by law.

_____

One of the Attorneys for Defendant
AmerisourceBergen Drug Corporation and Pfizer
Inc.

## CERTIFICATE OF SERVICE

A copy of the foregoing *Defendant's Answer to Complaint* was sent by regular U.S. Mail,

postage prepaid, this 13th day of June, 2005 to:

James T. Ball                                   *Attorneys for Plaintiff*
120 S. LaSalle Street, Suite 1500
Chicago, Illinois 60603

Steve Serraino
2046 Carriage Hill Drive
Toledo, Ohio 43606-2539

Stephen A. Skiver                               *Attorneys for Defendants Christopher J.*
Gayle K. Beier                                  *Riordan, M.D. and Surgicor, Inc.*
30025 East River Road
Perrysburg, Ohio 43551

John S. Wasung                                  *Attorneys for Virginia Halachanova, M.D. and*
405 Madison Avenue, Suite 1500                  *Paulding County Hospital*
Toledo, Ohio 43604-1235

Gerald Kowalski                                 *Attorneys for Estate of Mark Teets, M.D.*
900 Adams Street
Toledo, Ohio 43624

James R. Knepp, II                              *Attorneys for Defendant St. Vincent Mercy*
Ninth Floor, Four SeaGate                       *Medical Center*
Toledo, Ohio 43604

_____
One of the Attorneys for Defendant
AmerisourceBergen Drug Corporation
And Pfizer Inc.

33.

28762 / 00028 / 838838 / 1 /